In re the ESTATE OF Ethel P. NEASE, Deceased.

Herbert Troy NEASE and William Travis Nease, Minors, Appellants,

v.

The ESTATE OF Ethel P. NEASE, Deceased, Respondent.

No. WD 33293.

Missouri Court of Appeals, Western District.

Nov. 23, 1982.

Alden S. Lance, Savannah, for minors.

James H. Counts, St. Joseph, for Herbert Nease.

Raymond O. Sears, Savannah, for Home Bank.

Before SOMERVILLE, C.J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

The issue in this probate proceeding is where the final burden of federal estate taxes shall be allotted as among the transferees of the decedent's property. Appealing from the judgment denying the claim for apportionment of the estate taxes are the minor grandsons of the testatrix who are beneficiaries of a testamentary trust created from the personal property of the deceased. Respondent, the son of the deceased, is the transferee of an interest in real estate owned by the deceased and ordered set over to respondent by a judgment which enforces an agreement made during decedent's lifetime.

Ethel Nease died December 26, 1976 leaving as her survivors a son, Herbert Nease, and two grandchildren, the sons of Herbert. The grandchildren were aged 10 and 11 at the date of Ethel's death. By her will, as modified by a codicil, the testatrix left her residence property, household goods and personal effects to the grandsons, share and share alike, outright free of trust. All remaining personal property was devised to the Home Bank of Savannah in trust for the benefit of the grandsons.

The additional real estate owned by Ethel, consisting of approximately 400 acres of farmland in Andrew County, was also devised in trust to the Home Bank with the income therefrom payable to Herbert during his life and thereafter to the grandchildren until the youngest attained age 35. At that time, the trust corpus was to be distributed in equal parts to the grandchildren or their descendants.

The will and codicil were admitted to probate, following which Herbert brought suit contesting the provisions of the will devising the farm property to the trustee. It was his contention that the will failed to recognize an oral agreement he had made with his mother to devise him a life estate in the property. The full record of that case has not been presented here, but the judgment entry found the issues in Herbert's favor. The court declared Herbert to be vested with a life estate in the farms with the remainder in fee to the two grandsons of Ethel as tenants in common. The judgment further held the provisions of Ethel's will establishing the real estate trust to be "null, void and of no force or effect whatsoever." That judgment was not appealed.[1]

Subsequent to the will contest case, a petition was filed by the guardian for the minor grandchildren asking construction of Ethel's will. The question presented was whether the will directed payment of estate taxes from the residuary estate, thus exonerating Herbert from any obligation to contribute that portion of the tax generated by the value of his life estate in the farms. The issue is of material consequence to the grandchildren who, as legatees of the general estate, will otherwise bear the full burden of the tax. The amount of the tax is not shown in this record nor is sufficient data available to evaluate Herbert's life estate under the formula set out in 12 C.S.R. 10–8.110. We do observe, however, that the guardian's petition alleges the tax-

---

1. Although the present appeal does not directly present any issues as to the will contest case, several deficiencies in that proceeding are apparent from the partial record available. While Herbert's claim was limited to the degree of beneficial interest he would take in the farms for his lifetime, the court undertook to invalidate the entire trust advancing the date for vestment of the fee interest in the minors. Such was unnecessary to provide Herbert complete relief and exceeded any relief Herbert could claim as a contestant of the will. Moreover, the judgment takes no account of contin- gent remainders under the bequest which required survival of the youngest grandchild to age 35. Finally, the judgment indicates all of the facts necessary to support Herbert's claim of an oral agreement with his mother were supplied by "stipulation." The guardian for the minors could have had no authority to stipulate facts and relieve Herbert of the necessity to prove his case, much less of facts which were designed to support a judgment nullifying a trust created for the minors' benefit. *In re G——*, 389 S.W.2d 63, 66 (Mo.App.1965).

es paid by the executor will totally or substantially exhaust the personal estate if no contribution is made by Herbert.

The trial court construed the will to direct payment of federal estate taxes from the personal property of the decedent as an expense of the estate and without entitlement of the executor to seek reimbursement from beneficiaries. The language of the will interpreted by the court to justify this result, and the preceding paragraph, are reproduced as follows:

"*First:* I direct my hereinafter named Executor to pay all of my just debts and funeral expenses as soon after my demise as possible.

*Third:* After the payment of all my *expenses,* I give and bequeath to the Home Bank of Savannah, Missouri, all of my personal property including, but not limited to, notes, time certificates, bonds and bank accounts in trust, however, for the use and benefit of my two grandsons, the natural born children of my son Herbert." (Emphasis supplied.)

(Paragraph Second was deleted by the codicil)

The trial court construed the term "expenses" to include estate taxes and reasoned that the language indicated an intent by the testatarix to impose on the beneficiaries of the personal estate the full burden of death duties. On this appeal, the guardian for the minors contends the will discloses no true intention by the testatrix as to payment of estate taxes and he contends the doctrine of equitable apportionment should be applied. For several reasons, we agree that the judgment of the trial court was in error.

Before considering the issue raised by the appeal, certain collateral features of the case require mention to eliminate uncertainties generated by the pleadings and the judgment and to aid in further proceedings before the trial court. It is first to be noted that little attention has been given to the distinction between the federal estate tax and the Missouri inheritance tax in effect at the date of death of Ethel Nease. Under § 145.120, RSMo 1978 (repealed 1980), the inheritance tax was charged against and was directly recoverable from the legatee, grantee, donee, devisee or person entitled to the property. Apportionment was thus a feature of the tax assessment process. By contrast, an estate tax, which is a levy upon the transfer of the entire estate upon death without relevance to the identity of the successors in interest, except for deductions in computation, provides no apportionment. Recourse to equitable principles is necessary if a charge of the share of the estate tax is to be allotted to each of the beneficiaries.

The petition by the guardian in this case refers somewhat indiscriminately to "State and Federal taxes" but the judgment speaks only to the exoneration of the devised interest in real estate from any ratable charge on account of federal estate taxes. The judgment leaves the inference that Missouri inheritance taxes, if any, accrued by reason of the life estate taken by Herbert will be collected from Herbert by the executor as the statute requires. In view of the result directed by this opinion, that consequence must follow and the uncertainty of the trial court judgment is therefore not of dispositive concern.

The guardian's petition injects some confusion into the proceeding because of the relief which the prayer seeks. Apart from the prayer, the pleadings seem to define the issue to which the judgment responds, that is, whether Herbert is chargeable with a proportionate share of federal estate taxes under the doctrine of equitable apportionment or is exonerated from any contributive liability by the declaration of the testatrix. The petition asks, however, that the court order a sale and conversion into personalty of "sufficient real estate owned by Petitioner's wards as remaindermen" so that the funds otherwise paid in taxes not attributable to bequests to the minors may be restored to fund the initial trust. Obviously, a sale of all or part of the minors' remainder interest in the farms would accomplish no apportionment of the tax obligations, but would simply convert assets of the minors from one form into another.

If the guardian is correct and the will cannot be construed as forgiving the ratable share of estate tax attributable to the life estate taken by Herbert, the judgment should direct the executor to charge Herbert with that amount and, if not paid, to take action to enforce payment. No sale of real estate by the executor is or should be involved. Certainly, the estate passing to the minors is not burdened by this debt and their interest in the farms is not affected.

The variance of the judgment from the prayer of the petition has not been raised on this appeal and we therefore conclude that the petition has been conformed to present the issue as briefed here. We also assume, without expression of opinion to this effect, that by the earlier judgment, Herbert is deemed to succeed to his life estate by devise and that he therefore takes by inheritance.

 The federal estate tax is payable out of the decedent's whole estate and the lien thereon is against the gross estate. It is not imposed on the succession and receipt of benefits under law or decedent's will, but is a death duty on the interest which ceases because of decedent's death. *In re Estate of Hough*, 457 S.W.2d 687, 691 (Mo.1970). The federal estate tax is imposed upon the transfer of an estate upon death of the owner. It is not a tax upon succession and receipt of benefits under the law or the will. *In re Bernheimer's Estate*, 352 Mo. 91, 176 S.W.2d 15, 22 (1943). The intent of the federal estate tax is that it shall be paid out of the estate before distribution, but the federal statute does not designate out of what fund the tax is payable. It is intended that state law determine the ultimate thrust of the tax and who is to bear the burden. *Carpenter v. Carpenter*, 364 Mo. 782, 267 S.W.2d 632, 637 (1954).

 The testator may designate by his will who or what fund should bear the ultimate burden of inheritance and estate taxes. *Commerce Trust Company v. Starling*, 393 S.W.2d 489, 494 (Mo.1965). If the testator does attempt to say where the burden of the tax is to fall, he must evidence such by language clearly disclosing that in-

tent. *Old Folks Home of St. Louis County v. Saint Louis Union Trust Company*, 313 S.W.2d 671, 676 (Mo.1958). In seeking to determine the testator's intent, words are given their usual, ordinary and natural meaning but repugnancy in various provisions is to be avoided and provisions are to be construed in the light of the entire instrument considered from its four corners. *Commerce Trust Company v. Starling*, supra, 393 S.W.2d at 494.

 The doctrine of equitable apportionment operates to prorate the burden of estate taxes among the recipients of property in such proportions as the amount of property contributes to the tax. Absent statutory directive or an expression of intent by the testator to the contrary, broad equitable principles place the burden of the tax on the property which generates the tax and exonerates therefrom property which does not. *In re Estate of Wahlin*, 505 S.W.2d 99, 106 (Mo.App.1973).

In the trial of this case, testimony of various witnesses was offered, but objections to that evidence were all sustained. Thus, the trial court reached its judgment based on the content of the will and the court's own interpretation of the meaning of the terms "expenses." On this appeal, no deference is therefore to be accorded the trial court's judgment because of any superior opportunity for the trial judge to resolve questions of fact. The sole question is the construction of the document based on the language it employs.

 It cannot be argued that the words "all my expenses," constitute any clear directive that estate taxes be forgiven as to any particular devisee or legatee. Having in mind the definition of the federal estate tax as a duty imposed on the value of assets passing into different ownership by reason of death, the characterization of the tax as Ethel's expense is implausible and a distortion of the word expenses. The sequence of paragraphs in the will, first the directive for payment of "my just debts and funeral expenses" and then a reference to "after payment of all my expenses" leads far more

readily to the conclusion that the expenses in the third paragraph are the debts and funeral bill mentioned in the first paragraph. The word "debts" and its equivalent here, "my expenses," denote obligations incurred by the decedent during her lifetime and do not include federal estate taxes. *Hammond v. Wheeler,* 347 S.W.2d 884, 889 (Mo.1961).

When viewed from the perspective of the entire will, the construction adopted by the trial court is incongruous. In paragraph Third (c), when describing disbursement of income from the real estate trust, the will uses the terminology "after payment of taxes and expenses." It is thereby evident that the testatrix recognized a distinction between taxes and expenses and could not reasonably be considered to have used the word expenses in the earlier section in the comprehensive manner which the trial court accepted.

Of equal, or perhaps greater significance, when the will is considered from its four corners, is the estate plan which the testatrix described. That plan encompassed two trusts, the first from personal property and the second to consist of real estate. There is no indication that either trust was to be accorded priority over the other, except that the farmland was to be used for farming unless that became unprofitable. By the construction which the trial court adopted, the exoneration of the beneficiaries of the real estate trust from tax consequences advances one trust at the expense of the other, and, as the petition contends causes the first trust to fail. That construction is not consistent with the will because there is no ground to infer that Ethel intended to prefer Herbert over the grandchildren.

Finally, even if it be conceded for argument purposes that an ambiguity in the will necessitates judicial construction of the testatrix's intent with respect to payment of "expenses," a further condition not considered by the trial court must be taken into account. If there were any intent by Ethel that the interest benefiting from the bequest of real estate be exonerated from estate taxes at the expense of the personal estate, that intent assumed fulfillment of the estate plan to hold the real estate in trust for an extended period of years. The testamentary plan was frustrated by Herbert's action to enforce the prior agreement and the decree which nullified the trust in its entirety. No viable or plausible argument supports a claim that Ethel, in this circumstance, would have intended for Herbert to gain the advantage of an immediate vesting of his interest in the farms, contrary to the terms of the will and, at the same time, claim the benefit of a tax exoneration provision in the will. While Herbert does, in a technical sense, take by devise or bequest, from a practical standpoint he takes against the will and is therefore relegated to a consistent position of rejecting the plan the testator provided.

In summary, the judgment of the trial court construing the will finds no support in the language used by the testatrix, is not consistent with the document considered from its four corners and is not aided by evidence of extrinsic circumstances. That judgment is reversed and the cause is remanded with directions to decree ratable, proportionate contribution of federal estate taxes in accordance with this opinion.

All concur.