In the ESTATE OF Belmont
JOHNSON, Deceased.

No. 57702.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 11, 1990.

Rehearing Denied Jan. 15, 1991.

Eckelkamp, Eckelkamp, Wood & Kuenzel, Steven P. Kuenzel, Washington, and Vincent & Meyer, Mark S. Vincent, Union, for appellant.

Politte & Thayer, Sidney A. Thayer, Jr., Washington, for respondent.

KAROHL, Judge.

This appeal involves apportionment of federal estate taxes owed by the estate of Belmont C. Johnson. Michael Brown, the initial personal representative of the estate and scrivener of the will, petitioned for construction of the Last Will and Testament of Johnson. The probate court entered judgment after finding a latent ambiguity in the will and determining the testator intended the estate taxes to be paid from the residue of the estate. Kenneth and Richard Johnson, the current personal representatives of the estate and brothers of the testator, appeal from the judgment denying equitable apportionment of federal estate taxes. Respondent, Delma Sewald, is legatee of three Insured Municipal Income Trust Certificates valued at $100,000 each.

On appeal the personal representatives claim the probate court erred in failing to apply the doctrine of equitable apportionment to payment of federal estate taxes because the will did not contain a latent ambiguity nor an indication of testator's intent regarding payment of federal estate taxes. The doctrine would prorate taxes among the recipients of testator's property according to the amount of tax liability generated by the property received. We reverse and remand.

Testator executed his will on October 3, 1985, and died on October 15, 1985. Article I of the will provides as follows: "I hereby direct that all my lawful debts, including my last illness, funeral and administration expenses be paid by my Personal Representative out of the assets of my estate." The will did not expressly provide for payment of federal estate taxes.

The dispute arose when the accountants prepared the estate tax return, Form 706, and computed payment pursuant to the equitable apportionment doctrine. However, Brown in his capacity as personal representative thought the definition of "administrate expenses" included federal estate taxes. Brown anticipated the estate would pay the tax, reducing the residue. He did not expect Sewald's specific bequest of certificates would be reduced by a proportionate share of federal estate taxes. This was also Brown's opinion when he drafted the will, although Brown did not communicate his opinion to testator at that time.

The current personal representatives, who are also takers of the residue, claim the probate court erred in denying the application of the doctrine of equitable apportionment because the will contained neither a latent ambiguity nor an indication of testator's intention of how estate taxes should be paid. We agree.

■ We review the court tried case involving construction of testator's will under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will uphold the judgment of the probate court unless there is no substantial evidence to support it or unless it erroneously declares or applies the law. *Id.* at 32.

■ A latent ambiguity occurs when a will, unambiguous on its face, is subject to more than one interpretation when applied to the factual situation in issue. *Schupbach v. Schupbach*, 760 S.W.2d 918, 923 (Mo.App.1988). Here, Sewald argues the will contains a latent ambiguity because Brown and the accountants disagree as to who or what funds should bear the burden of federal estate taxes. Sewald contends the latent ambiguity in the will is whether the term "administrative expenses" encompasses federal estate taxes.

■ This claim is without merit. In the first paragraph of his will, testator directs "all my lawful debts, including my last illness, funeral and administrative expenses" are to be paid out of the assets of his estate. The phrase "all my lawful debts" refers to obligations incurred by testator during his lifetime. *See In re Estate of Nease*, 643 S.W.2d 97, 101 (Mo. App.1982). This phrase does not include federal estate taxes, which are taxes imposed upon the value of all property owned by testator and transferred upon death. *Id.* at 100. Federal estate taxes are not an obligation incurred by testator during his lifetime. *Id.* at 100. The probate code distinguishes administration expenses, § 473.397(2) RSMo 1986, from debts and taxes due to the United States, § 473.397(5) RSMo 1986. Taxes are not allowable as administration expenses. We conclude the direction to pay "all my lawful debts, including ... administration expenses" unambiguously does not include federal estate taxes. As a matter of law, no latent ambiguity exists in testator's will.

■ The federal estate tax is imposed upon the estate as a whole. *Estate of Nease*, 643 S.W.2d at 100. However, a testator may direct in his will who or what fund shoulders the burden of payment. *Id.* When testator makes no provision for payment of federal estate taxes, the taxes must be prorated among the recipients of property according to the doctrine of equitable apportionment. *Id.* Because testator made no provision for payment of estate taxes in his will, the doctrine of eq-

uitable apportionment operates in this case to determine how federal estate taxes will be paid. Each recipient under the will is responsible for the tax in such proportion as the amount of property each received contributes to the tax.

Reversed and remanded.

PUDLOWSKI, P.J., and GRIMM, J., concur.