**Richard RUESTMAN, Plaintiff–Respondent,**

v.

**Dorothy RUESTMAN, Personal Representative of the Estate of Walter F. Ruestman, Defendant–Appellant,**

**First United Methodist Church of Joplin; Masonic Home of Missouri, Western Unit; Knights Templar Eye Foundation; Joplin Hope Assembly Number 21 of the Order of Rainbow for Girls Scholarship Fund, Defendants.**

**No. 23897.**

Missouri Court of Appeals, Southern District. Division One.

Jan. 11, 2002.

Randy R. Cowherd, Newberry, Haden, Cowherd, Bullock, Keck & McGinnis, L.L.C., of Springfield, for Defendant–Appellant.

Ron Mitchell, Phillip D. Greathouse, Blanchard, Robertson, Mitchell & Carter, P.C., of Joplin, for Plaintiff–Respondent.

Before PREWITT, PARRISH, and MONTGOMERY, J.J.

PER CURIAM.

Defendant Dorothy Ruestman ("Dorothy") appeals from a judgment after jury verdict in favor of Plaintiff Richard Ruestman ("Richard"[1]). Because the judgment is not final for the purposes of appeal, we dismiss the appeal.

Dorothy is the surviving spouse of Walter Ruestman ("Walter"). Richard is Walter's son from Walter's marriage to Ruth Ruestman ("Ruth"), who died in 1987. Dorothy and Walter were married on July 14, 1988. The marriage was Dorothy's second as well.

Dorothy and Walter each brought substantial assets to their union. Two days before their marriage, Walter and Dorothy executed an "Antenuptial Agreement Between Walter F. Ruestman and Dorothy V. Hill." The agreement identifies and refers to assets held by each at the time of

---

**1.** We refer to the parties, decedent Walter Ruestman and his first wife, Ruth Ruestman, by their first names for clarity. No disrespect is intended.

the agreement, and outlines their intention to retain their separate property in the event of dissolution of the marriage.[2] Attached to the agreement were two pages, both dated July 7, 1988. One was entitled "Assets held Personally by Dorothy V. Hill." The other bore two headings: the first, "Assets Held Personally by Walter F. Ruestman," and the second, "Assets in W.F. Ruestman & R.A. Ruestman Trust." The total for Dorothy's assets on the attachment was $263,469. The total for Walter's personal assets was listed as $243,719, and the total for the assets of the trust was $582,625.56. Walter executed a will on December 27, 1988, or six months after Walter and Dorothy were married. In that will, Walter bequeathed specific gifts to four local charities in varying amounts, and left the remainder of his estate to Dorothy, who was also named as personal representative by the will. Richard was named residual beneficiary in the will in the event Dorothy predeceased Walter.

Walter died on October 16, 1997. Applications for probate of the will and for letters testamentary were filed in the probate division of Jasper County Circuit Court on December 16, 1997. Richard filed a petition for discovery of assets in probate court, naming Dorothy as personal representative and the four charities as defendants.[3] The petition alleged that Dorothy exerted undue influence over Walter, causing him to transfer to her real and personal property valued at over two million dollars.[4] The petition prayed that the trial court "make a determination of title and right to possession for all property currently known or that may be discovered throughout the course of these proceedings and to direct transfer of title and delivery of possession to the party the court determines is rightfully entitled to such."

Richard filed a petition to contest the will in circuit court on the same day. The petition, later amended, contained two counts. Count I claimed that the will was the product of undue influence of Walter by Dorothy and sought invalidation of the will. Count II sought imposition of a constructive trust upon the assets of Walter and Ruth.[5]

Both cases were tried together before a jury, which heard evidence for five days. The jury returned verdicts for Richard, and the verdicts were reduced to a "Judgment Entry" filed June 19, 2000. That judgment recites, in relevant part, as follows:

> The jury returned at 4:17 p.m. with a verdict on the claim for Discovery of Assets on Verdict A in favor of plaintiff, determining that defendant is adversely withholding assets valuing $1,200,000.00

2. The terms of the agreement also refer to property "... (2) acquired by the other as gifts from other parties or by inheritance; (3) acquired by the other with or in exchange for such property, and (4) all capital appreciation and income earned by such property of the other...."

3. Nowhere in the discovery of assets petition is Dorothy named as a defendant individually. Dorothy's answer to the petition was filed in her capacity as personal representative. On appeal, the parties do not refer to Dorothy as personal representative of Walter's estate, despite the caption of the judgment appealed

from as "Richard Ruestman, Plaintiff, v. Dorothy Ruestman, Personal Representative of the Estate of Walter F. Ruestman, et al." This apparent confusion does not affect our disposition of this appeal, however.

4. *The discovery of assets petition makes no express mention of the trust.* Further, Richard did not seek relief as trustee for the trust.

5. Dorothy answered the will contest petition individually, with no reference to her capacity as personal representative.

from the Walter F. Ruestman Trust and adversely withholding the following property from the Estate of Walter F. Ruestman as contemplated by the antenuptial agreement: [list of items of personal property]. The jury also returned a verdict on plaintiff's will contest claim in favor of plaintiff on Verdict B, determining that the document admitted to probate by defendant is not the Last Will and Testament of Walter F. Ruestman. . . .

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiff shall have judgment over and against defendant in the sum of $1,200,000.00 that plaintiff adversely withheld from the Walter F. Ruestman Trust.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff shall have judgment over and against defendant for the following property, and defendant shall deliver said property to plaintiff: [list of items of personal property].

IT IS ALSO FURTHER ORDERED, ADJUDGED AND DECREED that the document dated December 27, 1988 is not the Last Will and Testament of Walter F. Ruestman.

Dorothy appeals from this judgment.

■ Even though neither party raises an issue about the completeness of the judgment in this case, we are required to ascertain, *sua sponte,* if the jurisdictional prerequisite of a final judgment has been met. *Watson v. Moore,* 983 S.W.2d 208, 209 (Mo.App.1999). To constitute an appealable judgment, a judgment must dispose of all issues in a case and leave nothing for further determination. *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo.banc 1997).

■ The record before this Court does not reflect any disposition of Count II of Richard's amended petition. Rule 74.01(b) allows a trial court to enter judgment as to fewer than all of the claims upon an express determination that there is no just reason for delay. There is no such determination in the record before us.

■ "If a trial court does not adjudicate all issues and does not make the determination called for by Rule 74.01(b), the judgment is not final and the appeal must be dismissed. *Haugland v. Parsons,* 827 S.W.2d 285, 286[4] (Mo.App. E.D.1992); *Bay's Texaco Service and Supply Company, Inc. v. Mayfield,* 792 S.W.2d 50, 51 (Mo.App. E.D.1990)." *Davis v. Beck,* 881 S.W.2d 264, 266 (Mo.App.1994).

The trial court's judgment is not final for the purposes of appeal. The appeal is therefore dismissed.