**Derrick JONES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 70785.**

Missouri Court of Appeals,
Western District.

April 13, 2010.

Derrick Jones, Jefferson City, MO, Appellant, pro se.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division III: JAMES EDWARD WELSH, Presiding Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

On December 23, 2005, the Appellant Derrick Jones filed a pro se motion for post-conviction relief under Missouri Supreme Court Rule 29.15 in the Circuit Court of Jackson County ("circuit court"). On September 26, 2007, Jones filed a Motion for Leave of Court to File Out of Time 29.15 Post–Conviction Relief Motion for Cause ("Motion for Leave"). On September 9, 2008, the circuit court took up and denied the Motion for Leave.

Although the circuit court delineated its September 9, 2008 order a "Judgment," upon review of the record, it appears that the circuit court has not entered a final order or a final judgment on Jones's De-

---

cember 23, 2005 Rule 29.15 motion. Absent an appealable final judgment or order, we lack appellate jurisdiction. Rule 81.04(a) ("No ... appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final."); Rule 74.01; *State v. Saffaf*, 81 S.W.3d 526, 527 (Mo. banc 2002).

Accordingly, we dismiss this appeal for lack of jurisdiction.[1]

JAMES EDWARD WELSH, Presiding Judge, and MARK D. PFEIFFER, Judge, concur.

---

1. This issue remains jurisdictional, post *Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009). While the Missouri Constitution grants the courts jurisdiction over civil actions (including post-conviction cases), it clearly contemplates both original and appellate jurisdiction, *see* Missouri Constitution, article V, sections 3 & 14, and it gives our Supreme Court power to "establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law." Mo. Const. art. V, § 5. Supreme Court rules delineating the procedures for when and how trial court jurisdiction ends and appellate jurisdiction begins do not violate the Constitution or run afoul of the Supreme Court's holding in *Webb. City of Greenwood v. Martin Marietta Materials, Inc.*, — S.W.3d —, —, 2010 WL 431369, at *7 (Mo.App. W.D.2010).