In the Matter of the ESTATE OF M. Stanley GINN, Deceased; Carrie Almond, Callie Almond, Carl Almond, and Christopher Almond, Respondents,

v.

Nancy Almond, Personal Representative and Individually, Appellant.

No. WD 71554.

Missouri Court of Appeals,
Western District.

Nov. 9, 2010.

John C. Davis, Susan F. Robertson, J. Zachary Bickel, Kansas City, MO, for Appellant.

Dale C. Doerhoff, Jefferson City, MO, William P. DeVoy, Brookfield, MO, Bernard D. Simon, III, Columbia, MO, for Respondents.

Before JAMES EDWARD WELSH, P.J., MARK D. PFEIFFER, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Presiding Judge.

At issue in this case is the construction of M. Stanley Ginn's will as to who bears the burden of paying estate taxes. Nancy Almond, daughter of Ginn and personal representative of Ginn's estate, filed an amended six-count petition for will construction asking in one of the counts that the circuit court determine the testator's intent regarding who should pay the estate taxes. Almond contended that the testator's will did not clearly express who should bear the burden of paying the estate taxes and, therefore, the doctrine of equitable apportionment should apply in

regard to the estate taxes. Ginn's grandchildren, Carrie Almond, Callie Almond, Carl Almond, and Christopher Almond, filed an answer in response to the petition and filed a motion for judgment on the pleadings as to the claim for equitable apportionment. The grandchildren attached a legal opinion letter from a law firm which supported their position that the doctrine of equitable apportionment would not apply. The circuit court granted the grandchildren's motion for judgment on the pleadings and found that Ginn's intent was that the estate taxes were not to be equitably apportioned but were to be paid from the residuary estate. Nancy Almond appeals. She asserts that the circuit court erred in granting the motion for judgment on the pleadings because: (1) the motion improperly attached matters outside the petition and did not establish that the petition for will construction was factually insufficient as a matter of law or that she could not prevail under any legal theory; and (2) the doctrine of equitable apportionment applies given that Ginn did not express a clear intent that the residuary estate should pay the estate taxes.

■ Before we can reach the merits of Nancy Almond's appeal, we must consider whether we have a final judgment in this case that invokes this court's jurisdiction. Initially, the grandchildren argued that this court did not have jurisdiction over the appeal and filed a motion to dismiss.

In particular, the grandchildren asserted that, because the circuit court did not resolve all the issues in Nancy Almond's six-count amended petition for will construction, the circuit court's judgment denying the claim for equitable apportionment was not a final judgment, and therefore, this court lacked jurisdiction. At oral arguments, however, the grandchildren said that they were withdrawing the motion to dismiss. The abandonment of the motion to dismiss, however, does not resolve the jurisdiction issue. This court has a duty to determine whether it has jurisdiction to entertain the appeal. *Couch v. W. Sur. (In the Estate of Couch)*, 920 S.W.2d 165, 167 (Mo.App.1996).

■ Generally, this court lacks appellate jurisdiction if we do not have an appealable final judgment or order before us.[1] *Jones v. State*, 307 S.W.3d 699, 700 (Mo.App.2010). Further, generally, orders from the probate division of the circuit court are "interlocutory and not subject to appeal until final disposition of the matters before the court." *Standley v. Standley (In the Estate of Standley)*, 204 S.W.3d 745, 748 (Mo.App.2006). "Section 472.160.1[, RSMo 2000], however, creates an expedited right to permissively appeal from certain interlocutory probate orders." *In the Estate of Straszynski*, 265 S.W.3d 394, 395 (Mo.App.2008). "[I]f an order falls within the enumerated exceptions set forth in section 472.160.1, . . . it is deemed final

---

1. In *Jones*, this court found that "[t]his issue remains jurisdictional, post *Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009)." *Jones*, 307 S.W.3d at 700 n. 1. The *Jones* court said:

   While the Missouri Constitution grants the courts jurisdiction over civil actions (including post-conviction cases), it clearly contemplates both original and appellate jurisdiction, see MISSOURI CONSTITUTION, article V, sections 3 & 14, and it gives our Supreme Court power to "estab-

lish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law." MO. CONST. art. V, § 5. Supreme Court rules delineating the procedures for when and how trial court jurisdiction ends and appellate jurisdiction begins do not violate the Constitution or run afoul of the Supreme Court's holding in *Webb*.
   *Id.*

for purposes of appeal, and any interested and aggrieved person has the right to appeal." *Standley,* 204 S.W.3d at 748. "Such expedited appeals serve the salutary purpose of allowing many matters of importance to be resolved while the estate is open, and prevents one complex appeal from all matters that occurred during the administration of the estate." *Id.* (citations and internal quotation marks omitted). Although section 472.160 makes some interlocutory probate orders appealable, "it is well established that as to any specific proceeding, the rights of the parties must be fully adjudicated and all issues fully disposed of, or the order is not appealable." *Crabill v. Young (In re Estate of Ritter),* 510 S.W.2d 188, 189 (Mo. App.1974).

■ Nancy Almond contends that the circuit court's decision in this case falls within the enumerated cases set forth in section 472.160.1 and, therefore, she may file this interlocutory appeal. In particular, she relies on subsections (3) and (13) of section 472.160.1, which say:

> Any interested person aggrieved thereby may appeal to the appropriate appellate court from the order, judgment or decree of the probate division of the circuit court in any of the following cases:
>
> . . . .
>
> (3) On all apportionments among creditors, legatees or distributees;
>
> . . . .
>
> (13) On all orders denying any of the foregoing requested actions[.]

Nancy Almond asserts that the circuit court's refusal to apply the doctrine of

equitable apportionment in regard to estate taxes falls with these enumerated subsections. We disagree.

■ The action before the circuit court in this case was a will construction case and not an apportionment case. The circuit court was asked to determine whether the doctrine of equitable apportionment should be applied to Ginn's estate in regard to the payment of estate taxes. In deciding this issue, the circuit court had to determine the intent of the testator—M. Stanley Ginn. This is not a case where the circuit court apportioned or refused to apportion property or shares to creditors, legatees, or distributees as to make it an appealable interlocutory order pursuant to section 472.160.1(3) and (13). *See In re Estate of Rau,* 708 S.W.2d 746, 747 (Mo. App.1986) (court found that circuit court's judgment apportioning the estate among the descendants of the named legatees fell within the scope of appealable orders set forth in section 472.160 and therefore it had jurisdiction over the appeal). The circuit court merely found that the testator's intent in this case was that the estate taxes were to be paid from the residuary estate and not from the specific bequests.

We recognize that, in *Tindle v. Erwin (In re Estate of Erwin),* 611 S.W.2d 564, 566–67 (Mo.App.1981), the court acknowledged that will construction issues are appealable in connection with appealable matters set forth in section 472.160. In this case, however, we do not have an appealable matter that is set forth in section 472.160. The *Erwin* court also noted that will construction issues are appealable when fully determined.[2] *Id.* at 567. But,

---

2. For example, in *Estate of Cohen v. Crown,* 954 S.W.2d 409 (Mo.App.1997), this court's Eastern District decided an appeal in a will construction case concerning the intent of a testator in regard to apportionment of estate taxes. In that case, the only issue presented

in the will construction case was the apportionment of estate taxes issue. *See also In the Estate of Johnson,* 803 S.W.2d 619 (Mo.App. 1990); *Nease v. Estate of Nease (In re Estate of Nease),* 643 S.W.2d 97 (Mo.App.1982); *Bell v.*

unlike the fact scenario in *Erwin,* in this case all issues relating to the will construction were not fully determined by the circuit court, as the court had before it a six-count amended petition for will construction.[3]

Moreover, for the circuit court to certify for appeal a judgment resolving fewer than all the claims, the judgment must expressly designate that there is "no just reason for delay." Rule 74.01(b). Because the circuit court did not make such an express designation, the judgment is not final, and we must dismiss the appeal. *Ruestman v. Ruestman,* 69 S.W.3d 525, 528 (Mo.App. 2002).

Therefore, because the circuit court's order in this case does not fall within one of the enumerated subsections of section 472.160 and does not fully determine all the issues in the will construction action, we lack the jurisdiction to address the merits of Nancy Almond's appeal and must dismiss the appeal. *Smith v. Smith (In re Estate of Smith),* 284 S.W.3d 198, 201 (Mo. App.2009); *Erwin,* 611 S.W.2d at 567. We, therefore, dismiss Nancy Almond's appeal.

All concur.

*Bell (In re Estate of Wahlin),* 505 S.W.2d 99 (Mo.App.1973).

3. On one of the counts in the petition, the circuit court granted Nancy Almond's motion for partial summary judgment as to the lease agreements relating to the Piney River property. The circuit court found that the lease agreements between Ginn Farm's Inc. and Carrie Almond were not enforceable due to

---

abandonment by the parties prior to Ginn's death. Moreover, in Count III, Nancy Almond asked that, if the court determined that the doctrine of equitable apportionment applied, the court give instructions on how to apportion the estate taxes attributed to property that is not qualified terminable interest property. Because the court determined that equitable apportionment did not apply, this issue would be moot.