

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

ROBYN WAHLGREN, SUCCESSOR ) 
TRUSTEE OF THE AMENDMENT IN )
WHOLE OF THE EUGENE STANLEY )
BOYDSTON AND MARY M. BOYDSTON )
TRUST DATED JANUARY 15, 2002, )
  )
          Respondent, )     WD76876
  )
vs. )     Opinion filed:  June 17, 2014
  )
MS. ROBYN WAHLGREN, INDIVID., )
  )
          Respondent, )
  )
MRS. PAULA A. RACCUGLIA and )
MRS. MARY M. HUNT, )
  )
          Appellants. )

### APPEAL FROM THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI
### THE HONORABLE DANIEL F. KELLOGG, JUDGE

Before Division Two:  Victor C. Howard, Presiding Judge,
Alok Ahuja, Judge and Gary D. Witt, Judge

Paula Raccuglia and Mary Hunt appeal the judgment of the trial court overruling their objections to Successor Trustee's Proposed Distribution Plan for the Amendment in Whole of the Eugene Stanley Boydston and Mary M. Boydston Trust and directing Successor Trustee to distribute the Trust assets as proposed.  They contend that Distribution Plan was contrary to the intent of Grantors in several ways.  The appeal is dismissed.

**Factual and Procedural Background**

The facts in this case are not disputed. Paula Raccuglia and Mary Hunt are two of the three surviving children and named beneficiaries of Grantors under the Amendment in Whole of the Eugene Stanley Boydston and Mary M. Boydston Trust Dated January 15, 2002. Robyn Wahlgren is the third surviving child and a named beneficiary under the Trust. She lived with her parents for several years before their deaths and was the initial Successor Trustee of the Trust. The primary asset of the Trust is the Boydston family farm in Buchanan County. The farm includes a residence, barns, outbuildings, personal property, and 297 acres of land. The land consists of the East Land, 135 acres east of Interstate Highway 29, and the West Land, 162 acres west of I-29. The Trust also contains a Trust bank account, which includes proceeds from farming.

Following Mary Boydston's death in November 2010 and Eugene Boydston's death in January 2011, disputes arose between the beneficiaries regarding the division and distribution of Trust assets and other issues. Ms. Wahlgren, in her capacity as the initial Successor Trustee, filed a petition for declaratory judgment against Ms. Raccuglia, Ms. Hunt, and herself in her capacity as a beneficiary. The petition sought instruction on how to reconcile two provisions of the Trust regarding distribution of Trust assets and on whether two annuities were to be considered property of the Trust. Ms. Raccuglia and Ms. Hunt filed their answer and counterclaims and cross claims against Ms. Wahlgren in her capacity as initial Successor Trustee and as a beneficiary. Those claims involved requests for an accounting, allegations of misconduct, and an attempt to exclude Ms. Wahlgren from participation as a beneficiary of the Trust.

Thereafter, Ms. Raccuglia and Ms. Hunt filed a motion for summary judgment, and Ms. Wahlgren filed a cross-motion for summary judgment. Ms. Raccuglia and Ms. Hunt also filed a motion to remove Ms. Wahlgren as the initial Successor Trustee. The trial court sustained the motion to remove Ms. Wahlgren, and Dave Bolander was appointed Successor Trustee. The trial court overruled the parties' motions for summary judgment.

In January 2013, Ms. Raccuglia and Ms. Hunt filed a motion for proposal of distribution by trustee. The trial court granted the motion and directed Successor Trustee to present a proposal for distribution of the Trust estate. In April 2013, the Successor Trustee issued a Proposed Distribution Plan. In it, he proposed that Ms. Wahlgren receive ten acres of the East Land that included the home and outbuildings, the personal property at the farm, and 85 additional acres of East Land for a total of 95 acres. Mr. Bolander proposed that Ms. Raccuglia and Ms. Hunt, who had agreed to take their shares together, would receive 162 acres of West Land, 40 acres of East Land, and the funds in the Trust bank account, which included the proceeds from the 2013 crops estimated by the Successor Trustee to be $40,000. Under the Proposed Distribution, Ms. Wahlgren's share was valued at $472,740 (36.4%) and Ms. Raccuglia and Ms. Hunt's share was valued at $825,760 (63.6%) or $412,880 (31.8%) each. The Proposed Plan also informed each party that they had thirty days to object to the proposal consistent with section 456.8-817, RSMo Cum. Supp. 2013.

Ms. Raccuglia and Ms. Hunt and Ms. Wahlgren filed objections, and thereafter Successor Trustee notified the parties that he did not intend to further modify his proposal. Following a hearing, the trial court entered judgment in August 2013 overruling the parties' objections and directing Successor Trustee to distribute the funds pursuant to the Proposed Plan. This appeal by Ms. Raccuglia and Ms. Hunt followed. The trial court continued indefinitely a bench trial to

3

resolve the other pending claims, counterclaims, and cross claims, which had been set for September 2013.

## Motion to Dismiss Appeal

Ms. Wahlgren filed a motion to dismiss appeal, which was taken with the case. She asserted that because other issues in the case remained pending, the judgment on Successor Trustee's Proposed Distribution Plan was not final or appealable.

Generally, an appellate court lacks authority to review a case if the judgment is not final. *In re Estate of Ginn*, 323 S.W.3d 860, 862 (Mo. App. W.D. 2010). However, section 472.160.1, RSMo 2000, creates an expedited right to permissively appeal from certain interlocutory orders, judgments, or decrees of the probate division of the circuit court. *Id.* If an order or judgment falls within the enumerated exceptions in section 472.160.1, it is deemed final for purposes of appeal. *Id.* "Such expedited appeals serve the salutary purpose of allowing many matters of importance to be resolved while the estate is open, and prevents one complex appeal from all matters that occurred during the administration of the estate." *Id.* at 863 (internal quotes and citation omitted). "Although section 472.160 makes some interlocutory probate orders appealable, 'it is well established that as to any specific proceeding, the rights of the parties must be fully adjudicated and all issues fully disposed of, or the order is not appealable.'" *Id.* (quoting *In re Estate of Ritter*, 510 S.W.2d 188, 189 (Mo. App. 1974)).

Sections 472.160.1(3) and (13) allow an appeal in the following cases: "On all apportionments among creditors, legatees or distributees," and "On all orders denying any of the foregoing requested actions," respectively. While the judgment directing Successor Trustee to distribute the Trust assets as proposed involves apportionment of trust assets among distributees, the judgment does not fully adjudicate the rights of the parties regarding the trust property or

4

dispose of the issue. Ms. Wahlgren's petition for declaratory judgment and Ms. Raccuglia and Ms. Hunt's counter and cross claims remain pending. These claims involved requests for an accounting, allegations of misconduct, and an attempt to exclude Ms. Wahlgren from participation as a beneficiary of the Trust. Resolution of these claims will ultimately affect the distribution of trust assets; therefore, the issue has not been fully adjudicated. *See, e.g. In re Estate of Comia*, 657 S.W.2d 63, 64 (Mo. App. E.D. 1983)(order finding that child of decedent may be entitled to statutory allowance of support, which was governed by sections 472.160.1(4) and (14), was not appealable where the order indicated that the court intended to limit her support but the amount of the award had not yet been determined and, thus, the issue had not been fully adjudicated); *Ritter*, 510 S.W.2d at 189 (order awarding partial attorneys' fees was not appealable under section 472.160.1 where additional orders for compensation may be made at a later time, and the order did not fully adjudicate the rights of the parties). The judgment is not appealable, and this court lacks the authority to review the case.

The appeal is dismissed.

_____
VICTOR C. HOWARD, JUDGE

All concur.

5