In the Matter of Michael KEMP, Deceased, Respondent,

v.

Antonio BALBOA, Appellant.

No. 71514.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 12, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 9, 1997.

Case Transferred to Supreme Court Nov. 25, 1997.

Case Retransferred to Court of Appeals Feb. 24, 1998.

Original Opinion Reinstated March 2, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., David A. Johnston, Asst. Atty. Gen., Jefferson City, for appellant.

James E. Mello, Jeffrey T. McPherson, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for respondent.

GERALD M. SMITH, Judge.

Antonio Balboa appeals from the order of the trial court denying his motion for revocation of letters of administration on the basis that no timely application for letters was made. We reverse.

Deceased was a former inmate who was incarcerated by the Missouri Department of Corrections. He died intestate on March 5, 1994, from respiratory arrest due to a severe seizure disorder as a consequence of epilepsy. At that time he was no longer incarcerated.

In 1989, Kemp initiated a lawsuit in the United States District Court for the Western District of Missouri against Antonio Balboa, a correctional "utility" officer at the Central Missouri Correctional Center where Kemp was incarcerated. Kemp alleged that under 42 U.S.C. Section 1983, his constitutional rights were violated by Balboa because Balboa intentionally deprived Kemp of access to medical care by confiscating his epilepsy medication. In a jury trial before the Honorable Scott O. Wright, Kemp received a $1.00 verdict against Balboa. Both parties appealed. On May 5, 1994, the United States Court of Appeals for the Eighth Circuit ordered the case remanded for trial on the issues of damages only because of an error in the jury instructions. On March 5, 1994, during the pendency of the appeal, Kemp died.

On August 23, 1994, Kemp's mother filed a motion to be substituted in the federal proceeding. Judge Wright allowed the substitution after a conference with counsel. In his suggestions in support of the motion for revocation, Balboa stated that the issue of the commencement of probate proceedings arose and mother's counsel stated that such proceedings would be commenced. Mother's suggestions in opposition to the revocation do not discuss the conference. Subsequently, when no probate estate had been opened, Balboa moved to dismiss the federal action. That motion was granted on October 10, 1995.

On October 20, 1995, Ms. Kemp applied for letters of administration in the Madison County Probate Court which were granted October 25, 1995. Ms. Kemp was appointed personal representative. The only property of decedent subject to administration is the federal lawsuit. After granting of the letters, Judge Wright vacated the order of dismissal of the federal case.

In May 1996, Balboa filed a motion for revocation of the letters of administration on the ground that the application was untimely because it was made more than a year after Kemp's death. That motion was denied on September 30, 1996 and this appeal followed.

First we address two preliminary matters. Section 472.160 RSMo 1994 pro-

vides for appeal by "any interested person" of a number of actions occurring in the probate court. Included are orders revoking letters testamentary or of administration and orders denying a request for revocation. Section 472.160.1.(9) and (13). "Interested persons" are defined in section 472.010(15) RSMo to mean heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved. In *Estate of Glover*, 854 S.W.2d 850 (Mo.App. 1993) [2,3] we held a contingent debtor of the estate to be an "interested person" entitled to seek appointment of a personal representative for a decedent's estate. There we relied upon *In the Matter of Windholz*, 809 S.W.2d 30 (Mo.App.1991) which in turn relied upon *In re Dugan's Estate*, 309 S.W.2d 137 (Mo.App.1957). Balboa is a contingent debtor of the estate of Kemp and he "has an interest in knowing that the person ... who may obtain judgment against him ... is lawfully entitled to receive such money." *Glover, supra* at [3]. Balboa has standing to seek revocation of the letters of administration and to appeal the denial of his motion to revoke.

■ Rule 74.01(a) provides: " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' is filed. The judgment may be a separate document or included on the docket sheet of the case." The order of the trial court denying Balboa's motion for revocation of letters of administration was not delineated as a judgment. The Supreme Court has recently stated that the "intent of this procedural amendment was to remove confusion that existed as to when a pronouncement or judgment was final for purposes of appeal." *Linzenni v. Hoffman*, 937 S.W.2d 723 (Mo.banc 1997)[5]. In *Chambers v. Easter Fence Company, Inc.*, 943 S.W.2d 863 (Mo.App.1997)[2,3] we stated the requirement of denominating an order as a judgment was not a formality but was to require the trial court to carefully consider whether its decision constitutes a judgment, i.e. a "final determination of the rights of the parties."

■ Section 472.160 RSMo 1994, provides a long list of orders, many clearly interlocutory in nature, which may be appealed from a probate proceeding. Many of them do not purport to be a final determination of the rights of the parties. In most there is no confusion as to when the pronouncement is final for purposes of appeal. The orders listed in that section are ready for appeal when made. Rule 41.01(b) provides that certain rules, not specifically including 74.01, apply to proceedings in the probate division of the circuit court. We are unable to conclude that Rule 74.01 requires that every order in a probate proceeding which is subject to appeal under Section 472.160 must be labeled a judgment before it can be appealed. We do not find Rule 74.01(a) applicable to this case. The appeal is properly before us.

Balboa contends that the letters of administration should not have been granted because the application therefor was not timely filed. The applicable statute was amended in 1996 but the parties are in agreement that the prior version of the statute is the one applicable here. It provided:

1. In addition to the limitations of time provided in section 473.050, no written will shall be admitted to probate and no administration granted unless application is made to the court for the same within one year from the death of the decedent. This section shall apply to those persons whose deaths occur on or after July 13, 1989.

■ As previously indicated, Kemp died on March 5, 1994, and application for letters was not made until October 20, 1995, more than one year after his death. Ms. Kemp contends that the time was extended by an exception contained in section 537.021 RSMo 1994, which reads:

1. The existence of a cause of action for an injury to property, for a personal injury not resulting in death, or for wrongful death, which action survives the death of the wrongdoer or the person injured, or both, shall authorize and require the ap-

pointment by a probate division of the circuit court of:

> (1) A personal representative of the estate of a person whose property is injured, or a person injured or a person entitled to maintain a wrongful death action upon the death of any such person and such appointment in *only those cases involving loss chance of recovery or survival shall be made notwithstanding the time specified in section 473.070, RSMo,* for the exclusive purpose of pursuing a cause of action related to such injury or wrongful death.... (Emphasis supplied)[1]

In *Carter v. Pottenger,* 888 S.W.2d 710 (Mo.App.1994) Ftnt. 7, the court recognized that the amendment to sec. 537.021 underlined above, was in response to the decision in *Wollen v. DePaul Health Center,* 828 S.W.2d 681 (Mo. banc 1992). In that case, the Supreme Court recognized for the first time in Missouri an action for lost chance of recovery or survival. The court in *Wollen* was confronted with the proximate cause problem which exists where a negligent diagnosis or treatment by a health care professional results in a reduced chance for recovery or survival by the patient. Because each individual is different, recovery from certain diseases can only be premised on percentages of potential recovery following proper diagnosis and treatment. It is therefore impossible for expert medical testimony to establish a "but for" proximate causation because the expert cannot within a reasonable degree of medical certainty testify that "but for" the negligent diagnosis or treatment, the patient would have survived. The patient is entitled to recover not for his loss of life but for the loss of a chance of recovery. The court specifically stated that it was recognizing the cause of action for lost chance of recovery in medical malpractice cases.

We are unable to conclude that the action in federal court "involving loss chance of recovery or survival" as contemplated by the exception in the statute to the one year limit on filing an application for letters. At the time the *Wollen* case was decided, Kemp's federal case had been tried and was on appeal. At the time the trial occurred there was no cause of action for lost chance of recovery or survival recognized by Missouri law. Nothing in Kemp's amended petition sought recovery for a lost chance of recovery or survival. He sought recovery for a number of injuries which Balboa's actions were claimed to have caused, but made no allegation of lost chance of recovery or survival. We are unable to conclude that *Wollen* opened the door to "lost chance of recovery" claims in every tort action in which a plaintiff contends that his physical injuries may have shortened his life. His action was not a medical malpractice action. Only after the time limit for making application for letters of administration had passed did Ms. Kemp seek to convert her son's action to one for lost chance of recovery or survival in order to avoid the one year limitation period. The probate division of the circuit court erroneously denied Balboa's motion to revoke the letters of administration.

Order denying motion to revoke letters of administration is reversed.

CRANE, P.J., and PUDLOWSKI, J., concur.

---

1. This statute was amended in 1996.