**In re the ESTATE OF Deborah Lynn BURG.**

**No. ED 78437.**

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 18, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 4, 2002.

Michael A. Gross, St. Louis, MO, for appellants.

Mark D. Sadow, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

This appeal is brought by Linda Burg as a personal representative of the estate of her sister, Deborah Lynn Burg. Appellant challenges the probate court's allowance of fees to Patricia Gray, the estate's attorney from its inception until her discharge by Appellant. However, because Appellant failed to appeal within the prescribed time, we lack jurisdiction and therefore dismiss the appeal.

After her discharge, Ms. Gray filed a petition for attorney's fees and set it for a hearing on April 3, 2000. Notice was mailed to Appellant, appellant's new attorney of record, and the other personal representative. On the appointed day, Ms. Gray's petition was called. Neither the appellant nor her new attorney appeared; the other co-personal representative arrived only after the hearing had concluded. After hearing, the court allowed attorney's fees, and ordered the personal representatives to pay them from the estate's assets. The other personal representative signed a check for the attorney's fees, which was then forwarded to appellant for her signature. Appellant did not sign the draft, and instead filed a motion to set aside the order allowing attorney's fees. This motion was heard on June 12, 2000, and denied. In the time ensuing after denial of her motion, Appellant filed no appeal of the court's order, nor did she forward payment to Ms. Gray. Consequently, Ms. Gray filed a motion to compel payment on August 15, 2000. This motion was heard on September 5, 2000, and granted. Then, on September 8, 2000, nearly three months after entry of the challenged order, Appellant finally filed her notice of appeal.

*Analysis*

We are duty bound to determine whether we have jurisdiction to entertain an appeal. *Estate of Couch,* 920 S.W.2d 165, 167 (Mo.App. W.D.1996). A timely filing of a notice of appeal is a jurisdictional requirement; if the notice of appeal is untimely, we are without jurisdiction and must dismiss the appeal. *See Griffin v. Griffin,* 982 S.W.2d 788 (Mo.App. E.D. 1998). The right to appeal from a probate court's judgment is purely statutory. *Matter of Walker,* 875 S.W.2d 147, 149 (Mo.App. E.D.1994). Generally, orders of the probate court are interlocutory, and not subject to appeal until final disposition.

Section 472.150 RSMo.2000;[1] *Estate of Couch*, 920 S.W.2d at 168. However, if an order falls within the enumerated circumstances set forth in section 472.160.1, the order is deemed final for purposes of appeal, and any interested aggrieved person may appeal. Section 472.160.1; *Couch*, 920 S.W.2d at 168; *State ex rel. Seiser's Estate v. Lasky*, 565 S.W.2d 792, 794 (Mo. App.1978). To be appealable under 472.160, an order must fully dispose of all issues and rights of all parties relating to a specific probate proceeding. *Estate of Sawade v. State*, 787 S.W.2d 286, 288 (Mo. banc 1990).

An immediate appeal of orders falling within the purview of 472.160 is not mandatory; the statute merely creates a right of appeal. Section 472.160.1; *Couch*, 920 S.W.2d at 168. If a party chooses not to exercise this right, the particular matter may be appealed following final settlement or other judicial action fully and finally disposing of the proceeding. Section 472.150; Section 472.160; 4 FRANCIS M. HANNA, MISSOURI PRACTICE, Probate Code Manual, § 472.160 at 51 (2d ed.2000). Yet, if an appeal is taken, section 472.180 provides that all appeals shall be taken within the time prescribed by the rules of civil procedure related to appeals. In this regard, Rule 81.04 provides that the notice of appeal is to be filed no later than ten days after the judgment or order appealed from becomes final.

■ Appellant challenges the court's refusal to set aside its award of attorney's fees. The ruling on this motion fully and finally disposed of the matter between the parties. Ms. Gray was entitled to her attorney's fees and appellant was bound to pay the claim. *See* Section 473.433.2. Thus the order falls within the purview of section 472.160.1 and is an appealable or-

der. This is not a case like *Ritter*, where the court found that an order allowing partial compensation of attorneys' fees did not fully adjudicate the rights of the parties, that further claims could be made, and thus the order was not final for purposes of appeal. *In re Ritter's Estate*, 510 S.W.2d 188, 189 (Mo.App.1974). Our case involves final, not partial, compensation. Ms. Gray had been discharged, and her claim is analogous to the removed executor's claim for services that was held final for purposes of appeal in *Silver v. Silk's Estate*, 538 S.W.2d 732, 733 (Mo.App.1976). Moreover, we note that there is no claim that the assets of the estate are insufficient to pay this claim.

■ Appellant cites no authority, nor have we found any, for her proposition that the order compelling payment was necessary to transform the earlier orders into a final judgment, thereby extending the time to appeal. Nor is such a proposition consistent with the plain language of section 472.160.1 authorizing an appeal of certain allowed claims.

The order appellant challenges was entered on June 12, 2000. She had ten days from the order becoming final to file a timely appeal. Yet no appeal was filed until September 8, 2000. Appellant's notice of appeal comes too late, and thus we are without jurisdiction to hear this appeal.

This appeal is dismissed.

SHERRI B. SULLIVAN, P.J., and LAWRENCE G. CRAHAN, J., concur.

---

1. All further statutory references are to RSMo.2000 unless otherwise noted.