Joseph **GRASS** and Jean Willis, **Plaintiffs–Appellants,**

v.

Keith **MYERS** and Carol Myers, **Husband and Wife, Defendants– Respondents,**

**and**

Jones & Company, **Defendant.**

No. 24199.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 11, 2002.

Stuart H. King, William H. McDonald & Associates, P.C., Springfield, for Appellants.

James R. Fossard, Pratt & Fossard, Springfield, for Respondents.

NANCY STEFFEN RAHMEYER, Judge.

Joseph Grass and Jean Willis ("Appellants") brought suit against Keith and Carol Myers and Jones & Company for fraud related to Appellants' purchase of the Myers' home. After a jury found against Appellants, Appellants filed this appeal. We are constrained to dismiss the appeal.

■ Judgment was entered on November 22, 2000. Appellants filed their motion for new trial on December 26, 2000. According to Rule 78.04,[1] a motion for new trial must be filed no later than thirty days after the date of judgment. Thirty days

after the judgment in this case was December 22, 2000, meaning Appellants' motion for new trial was filed four days late. Because the motion for new trial was untimely, the judgment became final on December 22, 2000. Rule 81.05(a)(1). A notice of appeal must be filed within ten days after the judgment becomes final. Rule 81.04(a). Appellants' notice of appeal was not filed until March 28, 2001, well beyond ten days from December 22, 2000. As a result, Appellants' notice of appeal is not timely.

When asked by this court to show cause why the appeal should not be dismissed, Appellants responded by written motion that "Counsel for Appellants attempted to prepare and file its Motion for New Trial on December 22, 2000" but was "unable to file said Motion due to the early closing" of the circuit clerk's office on that day. According to an affidavit signed by the Greene County Circuit Clerk, the clerk's office closed one hour early, at 4:00 p.m., on December 22, 2000 because of the impending Christmas holiday. According to Appellants' response to the show cause order, their counsel was unaware of the clerk's intent to close the office early that day.

No affidavit is filed with this court that describes the specific attempts made to file the motion and the circumstances preventing that filing. The motion filed by Appellants does not say that Appellants or their representative actually tried to file the motion after 4:00 p.m. by taking the motion to the clerk's office and tendering it for filing during regular business hours. There is no detail given about whether counsel was prevented from filing the motion by facing a locked courthouse or closed circuit clerk's office that left no employee available to take filings. Rule 45.01 states that

---

1. All rule references are to Supreme Court Rules (2001), unless otherwise stated.

courts are "always open for the purpose of filing any pleading. . . ." There is no allegation that counsel attempted to contact a member of the clerk's office or a judge by telephone to arrange alternative filing procedures. Although Rule 81.07(a) allows an appellant six months from the date of the final judgment to request leave to file a notice of appeal out of time, Appellants never made such a request.

■ Appellants' notice of appeal is not timely. No basis for treating the appeal as being timely filed exists. A timely notice of appeal is necessary if this court is to have jurisdiction. *Porter v. Emerson Electric Company,* 895 S.W.2d 155, 160 (Mo.App. S.D.1995). Without a timely notice of appeal, the court has no jurisdiction and the case must be dismissed. *Id.* Therefore, the appeal is dismissed.

PREWITT, and PARRISH, JJ., concur.