### In re TORT VICTIM'S COMPENSATION FUND: James Hollins Jr.

No. ED 83140.

Missouri Court of Appeals, Eastern District, Division Four.

May 4, 2004.

Application for Transfer to Supreme Court Denied July 8, 2004.

Application for Transfer Denied Aug. 24, 2004.

Michael A. Gross, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ryan Bertels, Jefferson City, for respondent.

Before BOOKER T. SHAW, P.J., LAWRENCE G. CRAHAN, J., and PATRICIA L. COHEN, J.

BOOKER T. SHAW, Presiding Judge.

James Hollins Jr. ("Claimant") appeals from an order of the Labor and Industrial Relations Commission (the "Commission") denying Claimant compensation under the Tort Victim's Compensation Fund because he is not an uncompensated tort victim as that term is defined under Section 537.675, RSMo 2000. Claimant argues on appeal that the Commission improperly applied the Tort Victim's Compensation Fund statute by finding that Claimant's settlement with Barnes–Jewish Hospital for less than the limit of its insurance policy coverage precluded him from being an uncompensated tort victim. Claimant also argues that the Commission's ruling failed to satisfy the requirements of Section 536.090, RSMo 2000, because it did not make its own findings of fact, but rather adopted and incorporated those of the Administrative Law Judge ("ALJ").

■ "A timely filing of a notice of appeal is a jurisdictional requirement; if the notice of appeal is untimely, we are without jurisdiction and must dismiss the appeal." *In re Estate of Burg*, 68 S.W.3d 543, 544 (Mo.App. E.D.2001). Here, the Commission notified Claimant of its final decision denying Claimant's claim on June 4, 2003. In that notice, the Commission voluntarily, but erroneously, informed Claimant that under Section 287.495,

RSMo 2000, he had the right to appeal the Commission's decision by filing a notice of appeal within thirty days of the date of the decision. Section 537.690, RSMo Cum. Supp.2002, sets out the procedures necessary for a party whose claim is denied under the Tort Victim's Compensation Fund to appeal. Under that statute, a party may seek judicial review of that denial by appealing to the appellate court within twenty days of a final decision by the Commission. The Commission's final decision was dated June 4, 2003 and Claimant's notice of appeal was filed on July 1, 2003, more than twenty days from the Commission's final decision. Thus, Claimant's notice of appeal was filed out of time and not in accordance with Section 537.690, RSMo Cum.Supp.2002. Accordingly, Claimant's appeal is dismissed.

■ However, even if we were to consider Claimant's appeal in this case, we would not grant him relief, as he does not qualify as an uncompensated tort victim under Section 537.675, RSMo 2000. Section 537.675, RSMo 2000, defines an uncompensated tort victim as "a tort victim whose claim against the tort-feasor has been settled for the policy limits of insurance covering the liability of such tort-feasor and such policy limits are inadequate." Joint tort-feasors are both jointly and severally answerable to the injured party for the full amount of the injuries. *See Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 439–40 (Mo. banc 2002). Thus, unless the damage caused by each of the joint tort-feasors is clearly separable, each is liable for the entire damage. *See id.*

■ Here, Claimant named his treating physician, Dr. Jonathon Reed, and Barnes–Jewish Hospital jointly as defendants in this case. Subsequently, Claimant entered into a settlement agreement with Dr. Reed for his policy limits, covering only a portion of the damages Claimant sustained as a result of his injuries. Claimant, therefore, retained a cause of action against Barnes–Jewish Hospital for the balance of those damages. *See id.* Nonetheless, Claimant settled his case with Barnes–Jewish Hospital for one million dollars, which was less than its insurance policy limits. As a result, Claimant would not qualify as an uncompensated tort victim under Section 537.675, RSMo 2000. Furthermore, the Commission did not violate Section 536.090, RSMo 2000, because it is permitted to adopt and incorporate the findings of the ALJ, as it did in this case. *See Maas v. Treasurer of State of Missouri*, 964 S.W.2d 541, 544 (Mo.App. E.D.1998).

Claimant's appeal is dismissed.

LAWRENCE G. CRAHAN, J. and PATRICIA L. COHEN, J., concur.