In the **ESTATE OF Larry
FORHAN, Deceased.**

**No. 26092.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 8, 2004.

Mary Ellen Weeman, Minneapolis, MN, for appellant.

Francis J. Siebert, Scott City, MO, for respondent.

JEFFREY W. BATES, Chief Judge.

Larry Forhan ("Decedent") died testate on February 14, 2003. Decedent was domiciled in Scott County, Missouri, at the time of his death. On February 27, 2003, an Application for Letters Testamentary was filed in the Probate Division of the Scott County Circuit Court. That same day, Letters Testamentary authorizing independent administration of Decedent's estate were granted, and James Arnold was appointed personal representative of the estate.

Beginning on March 9, 2003, the clerk of the Probate Division had a notice of Arnold's appointment published in a local newspaper once a week for four consecutive weeks. This notice contained the following information for creditors of the estate:

> All creditors of said decedent are notified to file claims in court within six months from the date of the first publication of this notice or if a copy of this notice was mailed to, or served upon, such creditor by the personal representative, then within two months from the date it was mailed or served, whichever is later, or be forever barred to the fullest extent permissible by law. Such six-month period and such two-month period do not extend the limitation period that would bar claims one year after the decedent's death, as provided in Section 473.444, RSMo, or any other applicable limitation periods. Nothing in Section 473.033, RSMo, shall be construed to bar any action against a decedent's liability insurance carrier through a defendant ad litem pursuant to Section 537.021, RSMo.

*See* § 473.033 (requiring a notice in substantially this form to be published).[1]

On December 1, 2003, Sears (Citibank USA, N.A.) filed a claim against the estate. Sears' claim alleged that it was due $7,157.86 from the estate based on unsecured credit extended to Decedent via a charge account with Sears. On December 4, 2003, Arnold filed an objection to Sears' claim alleging, *inter alia*, that the claim was not timely filed. On December 19, 2003, Sears filed a motion requesting an extension of time to file its claim. The motion alleged that: (1) based on the United States Supreme Court's decision in *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), Sears was a reasonably ascertainable creditor entitled to actual notice of the commencement of probate proceedings; (2) Sears did not receive such actual notice within the six-month time limit for filing claims established by § 473.360; and (3) it would be a violation of Sears' due process rights to apply this statute's six-month time limit to bar Sears' claim.

A hearing was held on Sears' motion on January 13, 2004. On January 26, 2004, the court entered an order stating that Sears' claim was barred by Missouri law because the claim was filed more than six months after the date of first publication of the notice of Arnold's appointment. *See* § 473.360. On February 6, 2004, Sears attempted to appeal from this order by filing a notice of appeal with the clerk of the Scott County Circuit Court.

Although neither of the parties question our jurisdiction to hear this appeal, we are required to do so *sua sponte*. *Kohl v. Safeco Ins. Co.*, 755 S.W.2d 314, 315 (Mo. App.1988). Before we can address the merits of this appeal, we must decide two questions: (1) is this probate order appealable; and (2) if so, was the notice of appeal from the order timely filed?

---

1. All references to statutes are to RSMo (2000), unless otherwise specified.

### Appealability of the Order

■ "Appeals are creatures of statutes and without underlying statutory authority, no right to appeal exists." *Four Seasons Racquet and Country Club Property Owners Ass'n v. Abrams,* 858 S.W.2d 835, 836 (Mo.App.1993). The principal Missouri statute that creates the right of appeal in a civil case is § 512.020. *See Stelts v. Stelts,* 126 S.W.3d 499, 502 (Mo.App.2004); *Barlow v. State,* 114 S.W.3d 328, 331 (Mo.App.2003). Insofar as it is pertinent here, § 512.020 permits an aggrieved party to appeal "from any final judgment in the case...."[2] A "final judgment," within the meaning of this statute, disposes of all parties and issues in the case and leaves nothing for further determination. *Precision Investments, L.L.C. v. Cornerstone Propane, L.P.,* 119 S.W.3d 611, 614 (Mo.App.2003); *Sunbelt Environmental Services, Inc. v. Rieder's Jiffy Market, Inc.,* 106 S.W.3d 556, 557 (Mo.App.2003); *see also* § 511.020 (defining a "judgment" to be the final determination of the rights of the parties in an action); *In re Estate of Alexander,* 327 S.W.2d 218, 219 (Mo.1959) (holding that there is no appealable judgment within the meaning of § 511.020 unless there has been a final determination of the rights of the parties that disposes of all issues in the case).

■ The trial court's January 26, 2004 order did not dispose of all parties and all issues pertaining to the estate's administration. Instead, the order merely denied one estate creditor's motion for an extension of time to file its claim. Since the trial court's ruling encompassed less than all parties and claims, the order does not constitute a "judgment" within the meaning of § 511.020, and it is not "final" within the meaning of § 512.020. Therefore, § 512.020 furnishes no statutory basis for Sears' appeal in this case. *See Morrison v. Martin's Estate,* 427 S.W.2d 783, 784 (Mo.App.1968) (absent specific authority, appeals do not lie from rulings on motions which do not constitute a final disposition of the cause).

■ Because the order which Sears seeks to challenge was entered in a probate proceeding, however, § 472.160 provides another possible statutory basis for Sears' appeal. *See In re Estate of Sawade,* 787 S.W.2d 286, 288 (Mo. banc 1990). This statute authorizes an appeal from a number of specific orders issued in a probate proceeding.[3] Thus, it constitutes an

---

**2.** The statute also authorizes any party aggrieved by a trial court's judgment to appeal "from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, ... or from any special order after final judgment in the cause...." The order at issue here does not fall within any of these categories.

**3.** Subsection one of § 472.160 states: "Any interested person aggrieved thereby may appeal to the appropriate appellate court from the order, judgment or decree of the probate division of the circuit court in any of the following cases: (1) On the allowance of any claim against an estate exceeding one hundred dollars; (2) On all settlements of the personal representative; (3) On all apportionments among creditors, legatees or distributees; (4) On all orders directing the payment of legacies, making distribution or making allowances to the surviving spouse or unmarried minor children; (5) On all orders for the sale of assets of the probate estate; (6) On all orders for the sale of real estate; (7) On judgments for waste; (8) On proceedings to recover balances escheated to the state; (9) On all orders revoking letters testamentary or of administration; (10) On orders making allowances for the expenses of administration; (11) On orders for the specific execution of contracts; (12) On orders compelling legatees and distributees to refund; (13) On all orders denying any of the foregoing requested actions; [and] (14) In all other cases where

exception to the general rule that "orders of the probate court are interlocutory, and not subject to appeal until final disposition." *In re Estate of Burg*, 68 S.W.3d 543, 544 (Mo.App.2001); *see also In re Estate of Couch*, 920 S.W.2d 165, 168 (Mo. App.1996). In the trial court's order, it denied Sears' motion for an extension of time to file a claim and ruled that the claim was barred by the six-month time limit found in § 473.360. Since Sears' claim exceeded the $100.00 threshold in § 472.160.1(1) and the claim was disallowed by the trial court, Sears may appeal this interlocutory order pursuant to § 472.160.1(13). *See Kerber v. Alt*, 275 S.W.2d 604, 606 (Mo.App.1955) (trial court's disallowance of creditors' demand, on the ground that the claim was barred because it had not been timely filed, was appealable).[4]

### Timeliness of Sears' Filing of Its Notice of Appeal

Having determined that there is a statutory basis for Sears' appeal from the probate order disallowing its creditor's claim, we next consider whether the notice of appeal was timely filed. This is mandatory because "[a]ppeals are purely statutory, and must be taken within the time and in the manner provided by statute." *Lucitt v. Toohey's Estate*, 338 Mo. 343, 89 S.W.2d 662, 664 (1935); *see also Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 313 (Mo.App.1972). "Courts may not enlarge the statutory period within which an appeal may be taken...." *In re Interest of T---G---*, 455 S.W.2d 3, 9 (Mo.App. 1970).

Section 472.180 states that "[a]ll appeals shall be taken within the time prescribed by the rules of civil procedure relating to appeals." Section 472.210 states that, "[a]ppeals shall be taken in accordance with the rules of civil procedure relating to appeals." Rule 81.04 is the rule of civil procedure which establishes when and how an appeal must be taken:

> When an appeal is permitted by law from a trial court, a party may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final.

Rule 81.04(a).[5] As noted above, Sears attempted to appeal from the order disallowing its claim by filing a notice of appeal with the Scott County Circuit Clerk's office on February 6, 2004. Whether this filing was timely depends on when the trial court's order became final for purposes of appeal.

Section 472.160 creates an expedited right to appeal certain probate orders which otherwise would be interlocutory and unappealable. *See, e.g., Cordes v. Caldwell*, 731 S.W.2d 463, 465 (Mo.App. 1987); *State ex rel. Seiser's Estate v. Lasky*, 565 S.W.2d 792, 794 (Mo.App.1978). Such expedited appeals serve the salutary purpose of allowing "many matters of importance to be resolved while the estate is open, and prevents one complex appeal from all matters that occurred during the

---

there is a final order or judgment of the probate division of the circuit court under this code except orders admitting to or rejecting wills from probate."

**4.** The *Kerber* court concluded that disallowance of the creditors' claim was appealable

pursuant to § 467.010.1. This statute was repealed, reenacted in substantially the same form in the respects material here, and renumbered as § 472.160.1.

**5.** All references to rules are to the Missouri Rules of Civil Procedure (2004).

administration of the estate." *In re Erwin's Estate*, 611 S.W.2d 564, 567 (Mo.App. 1981). Because an appeal from one of the orders listed in § 472.160 is permitted while the estate is still open, such orders are immediately appealable upon entry. *See In re Estate of Burg*, 68 S.W.3d 543, 544–45 (Mo.App.2001); *Kemp v. Balboa*, 959 S.W.2d 116, 118 (Mo.App.1997). As the Western District of this Court noted in *Kemp*, the orders listed in § 472.160.1 "are ready for appeal when made." *Kemp*, 959 S.W.2d at 118. Therefore, the trial court's order disallowing Sears' claim became final for purposes of appeal on January 26, 2004. To be timely, Sears' notice of appeal had to be filed within ten days after January 26, 2004. *See* Rule 81.04; *Burg*, 68 S.W.3d at 544–45; 4 FRANCIS M. HANNA, MISSOURI PRACTICE, Probate Code Manual, § 472.160 pocket part at 10 (2d ed.2000). This 10–day period expired on February 5, 2004.

■ Sears' notice of appeal was untimely because it was not filed until February 6, 2004. *Kohl v. Safeco Ins. Co.*, 755 S.W.2d 314, 315 (Mo.App.1988). In the absence of a timely-filed notice of appeal, we have no appellate jurisdiction. *Seitz v. Seitz*, 107 S.W.3d 478, 482 (Mo.App.2003). Therefore, this appeal must be dismissed. *Grass v. Myers*, 67 S.W.3d 716, 718 (Mo. App.2002).

Although we dismiss this appeal, it is important to note the limited scope and

effect of our ruling. The right of appeal created by § 472.160 is permissive, rather than mandatory. *Burg*, 68 S.W.3d at 545; *Couch*, 920 S.W.2d at 168. Sears' notice of appeal was a nullity because it was filed after the time had expired for appealing the trial court's order of January 26, 2004. Procedurally, this case remains in the same posture as if no permissive appeal had been attempted. Dismissal of Sears' attempted appeal will simply return jurisdiction over this aspect of estate administration to the trial court. *See* § 472.150.[6] Therefore, Sears still retains two remedies to seek relief from the order denying its claim. The first is a motion for rehearing requesting vacation or modification of the order.[7] This statutory power to modify or vacate orders exists "to the end that administration be one action in the breast of the court until final determination." *Werner v. Wright*, 737 S.W.2d 761, 765 (Mo. App.1987); *In re Estate of Bacheller*, 437 S.W.2d 132, 136 (Mo.App.1968). The second is an appeal "following final settlement or other judicial action fully and finally disposing of the proceeding." *Burg*, 68 S.W.3d at 545.

In conclusion, Sears' notice of appeal was not filed within 10 days after entry of the January 26, 2004 order denying Sears' claim against the estate. Therefore, Sears' attempt to initiate a permissive appeal from the order, pursuant to

---

**6.** In pertinent part, this statute states that "[f]or good cause, before the expiration of the period allowed for appeal after the order of final distribution of the administration of the estate of a decedent or ward, the court may vacate or modify its orders, judgments and decrees, or grant a rehearing therein, except that no such power shall exist as to any orders, judgments or decrees from which an appeal has been taken, prior to a final disposition thereof on such appeal...."

**7.** If such a motion is filed, the trial court may wish to give it careful consideration. *See, e.g., In re Estate of Barthel*, 161 Wis.2d 587, 468 N.W.2d 689, 690 (1991) (holding that notice by publication was insufficient to bar Sears' claim against the estate, even though the claim was not filed within the time limit set by Wisconsin's nonclaim statutes; these statutes violated Sears' due process rights under the fourteenth amendment because Sears was a known or reasonably ascertainable creditor and was entitled to actual notice of the commencement of probate proceedings).

§ 472.160.1(13), was a nullity. We dismiss this appeal for lack of jurisdiction.

PARRISH, P.J., and BARNEY, J., concur.