In the ESTATE OF Stanley
STRASZYNSKI,
Deceased.

No. SD 28594.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 7, 2008.

Connie J. Clark of Osage Beach, MO, for appellant.

Charles E. McElyea of Camdenton, MO, for respondent.

JEFFREY W. BATES, Judge.

Connie Clark (Clark) was the attorney for the Estate of Stanley Straszynski (the Estate). The court approved Clark's first petition for legal fees, in the amount of $1,544.75, for services provided between April and October 1997. Thereafter, Clark was paid $16,881.59 from estate funds without court approval by personal representative Cathy Bailey. These payments to Clark were included in a proposed final settlement. In March 2007, Clark filed a petition seeking court approval of the prior fee payments and an additional $1,860.50 in attorney's fees.

On June 15, 2007, the court held a hearing on Clark's fee petition. On June 22, 2007, the court entered an order: (1) denying the March 2007 fee petition; (2) modifying the proposed final settlement by removing Clark's fees from the expenses of administration; and (3) ordering Clark to

repay $16,881.59 to the Estate. On July 3, 2007, Clark filed a notice of appeal.

Successor Personal Representative Nancy Douglas (Douglas) has filed a motion to dismiss Clark's appeal. Douglas argues that Clark's notice of appeal was untimely because it was not filed within the 10–day time period allowed by Rule 81.04.[1] This Court agrees.

■ The administration of a decedent's estate is deemed one proceeding for purposes of jurisdiction that is concluded by the entry of a decree of final distribution. *See* § 473.013; *Bosworth v. Sewell,* 918 S.W.2d 773, 776 (Mo. banc 1996). Aggrieved parties have the right to appeal from that final decree. *See In re Estate of Givens,* 234 S.W.3d 519, 521 (Mo.App. 2007). Section 472.160, however, creates an expedited right to permissively appeal from certain interlocutory probate orders. *See In re Estate of Standley,* 204 S.W.3d 745, 748 (Mo.App.2006); *In re Estate of Forhan,* 149 S.W.3d 537, 541 (Mo.App. 2004).

■ Attorney's fees are treated as expenses of administration. *Campbell v. Campbell,* 929 S.W.2d 757, 760 (Mo.App. 1996); *Moore v. Campbell,* 904 S.W.2d 378, 383–84 (Mo.App.1995). The determination of such fees pursuant to § 473.153 is within the sound discretion of the trial court. *In re Estate of Black,* 693 S.W.2d 899, 900–01 (Mo.App.1985). Clark's petition to ratify and approve her attorney's fees sought an order making an allowance for an expense of administration. *See* § 472.160.1(10). Therefore, the court's interlocutory order denying Clark's request was permissibly appealable pursuant to § 472.160.1(13).

---

1. All references to rules are to Missouri Court Rules (2007). All references to statutes are to RSMo (2000).

An appeal from an interlocutory order pursuant to § 472.160 must be taken "within the time prescribed by the rules of civil procedure relating to appeals." § 472.180. Rule 81.04 requires that a notice of appeal be filed "not later than ten days after the judgment or order appealed from becomes final." Rule 81.04(a). An interlocutory order that is permissively appealable pursuant to § 472.160.1 is final upon entry. *Forhan,* 149 S.W.3d at 542; *In re Estate of Burg,* 68 S.W.3d 543, 544–45 (Mo.App.2001); *Kemp v. Balboa,* 959 S.W.2d 116, 118 (Mo.App.1997). Therefore, the court's order denying Clark's fee petition was final on June 22, 2007. In order to be timely, Clark's notice of appeal had to be filed by July 2, 2007. It was filed one day late.

In the absence of a timely-filed notice, this Court lacks the authority to address the merits of the cause and must dismiss the appeal. *Standley,* 204 S.W.3d 745, 750 (Mo.App.2006); *Forhan,* 149 S.W.3d at 542. Nevertheless, it is important to note the limited effect of our ruling. As this Court explained in *Forhan,* "[t]he right of appeal created by § 472.160 is permissive, rather than mandatory." *Id.* at 542. Dismissal of Clark's untimely appeal simply means that this case remains in the same procedural posture as if no permissive appeal had been attempted. *Id.* Clark retains the right to appeal from the decree of final distribution. *See id.*

The appeal is dismissed.

BARNEY and SCOTT, JJ., concur.