In the ESTATE OF Johnny Dale
SMITH, Deceased,

James D. Smith, Personal
Representative, et al.,
Respondents,

v.

Thomas E. Smith, Appellant.

No. SD 29165.

Missouri Court of Appeals,
Southern District,
Division One.

May 4, 2009.

Justin L. Kelley, Dexter, for Appellant.

No brief filed for Respondent.

Before SCOTT, P.J., BARNEY, J., and BATES, J.

PER CURIAM.

Thomas E. Smith ("Appellant") appeals from the "Judgment/Order" of the Probate Division of the Circuit Court of Stoddard County ("the probate court") denying his "Motion to Vacate, Modify Or Reopen With Alternative Motion to Set Aside" ("the Motion") a judgment entered by the probate court on February 8, 2008, relating to the estate of Johnny Dale Smith ("Decedent"). Appellant asserts three points of probate court error. We determine Appellant cannot appeal the denial of his motion by the probate court. We dismiss the appeal.

The record reveals Decedent passed away on November 16, 2006. On December 14, 2006, James D. Smith ("Personal Representative") filed his application for letters of administration and on March 29, 2007, Personal Representative filed his "Petition of Personal Representative to Declare Certain Personal Property and Residence to be Assets of the Estate." The probate court entered a "Judgment" on February 8, 2008, relating to the foregoing petition.[1] On March 8, 2008, Appellant filed the Motion at issue here. On June 5, 2008, the probate court denied Appellant's Motion. Appellant filed his notice of appeal on June 5, 2008.

■ "The right to appeal from a probate court's judgment [or order] is purely statutory, and the applicable statutes are to be liberally construed since the law favors the right to appeal."[2] *Matter of Walker*, 875 S.W.2d 147, 149 (Mo.App. 1994); *see In re Estate of Standley*, 204

---

1. We need not recite the specifics relating to the Judgment because we do not reach the merits of the case in this opinion, but, instead, dispose of the matter on procedural grounds.

2. In the context of the probate code, all appeals shall be "taken 'within the time prescribed by the rules of civil procedure relating to appeals.'" *In the Estate of Straszynski*,

265 S.W.3d 394, 396 (Mo.App.2008) (quoting § 472.180). "Rule 81.04 requires that a notice of appeal be filed 'not later than ten days after the judgment or order appealed from becomes final.'" *Id.* (quoting Rule 81.04). All rule references are to Missouri Court Rules (2008) and all statutory references are to RSMo 2000.

S.W.3d 745, 747 (Mo.App.2006) (quoting *In re Estate of Forhan*, 149 S.W.3d 537, 541 (Mo.App.2004)) (holding that " '[a]ppeals are purely statutory, and must be taken within the time and in the manner provided by statute' "). *See also Estate of Ewing v. Bryan*, 883 S.W.2d 545, 546–547 (Mo. App.1994) and Rule 41.01.

■ "Generally, orders of the probate court are interlocutory and are not subject to appeal until final disposition of the matters before the court." *Standley*, 204 S.W.3d at 748; *see also In re Estate of Couch*, 920 S.W.2d 165, 168 (Mo.App.1996). "However, if an order falls within the enumerated exceptions set forth in section 472.160.1 [3] . . . it is deemed final for purposes of appeal, and any interested and aggrieved person has the right to appeal." *Standley*, 204 S.W.3d at 750. "To be appealable under 472.160, an order must fully dispose of all issues and rights of all parties relating to a specific probate proceeding." *In re Estate of Burg*, 68 S.W.3d 543, 545 (Mo.App.2001).

As explained in *Standley*, 204 S.W.3d at 749–50:

[s]ection 472.160 creates an expedited right to appeal certain probate orders which otherwise would be interlocutory and unappealable. Such expedited appeals serve the salutary purpose of allowing many matters of importance to be resolved while the estate is open, and prevents one complex appeal from all matters that occurred during the administration of the estate. It follows that because an appeal from one of the orders listed in section 472.160 is permitted while the estate is still open, such orders are immediately appealable upon entry. The orders listed in section 472.160 are ready for appeal when made.

(Internal quotations and citations omitted).

[a]n immediate appeal of orders falling within the purview of [section] 472.160 is not mandatory; the statute merely creates a right of appeal. If a party chooses not to exercise this right, the particular matter may be appealed following final settlement or other judicial action fully and finally disposing of the proceeding.

*Burg*, 68 S.W.3d at 545 (internal citations omitted).

■ In the present matter, Appellant appeals the probate court's denial of his Motion. In our review of section 472.160, this Court fails to find a provision under

---

**3.** Section 472.160.1 sets out:

[a]ny interested person aggrieved thereby may appeal to the appropriate appellate court from the order, judgment or decree of the probate division of the circuit court in any of the following cases:

(1) On the allowance of any claim against an estate exceeding one hundred dollars;
(2) On all settlements of the personal representative;
(3) On all apportionments among creditors, legatees or distributees;
(4) On all orders directing the payment of legacies, making distribution or making allowances to the surviving spouse or unmarried minor children;
(5) On all orders for the sale of assets of the probate estate;
(6) On all orders for the sale of real estate;
(7) On judgments for waste;
(8) On proceedings to recover balances escheated to the state;
(9) On all orders revoking letters testamentary or of administration;
(10) On orders making allowances for the expenses of administration;
(11) On orders for the specific execution of contracts;
(12) On orders compelling legatees and distributees to refund;
(13) On all orders denying any of the foregoing requested actions;
(14) In all other cases where there is a final order or judgment of the probate division of the circuit court under this code except orders admitting to or rejecting wills from probate.

which Appellant could statutorily appeal the probate court's interlocutory "Judgment/Order" denying his motion to set aside, vacate, or re-open the judgment. There is simply no statutory authority under which this appeal is proper at this juncture in the probate proceedings. Even section 472.160.1(14), which provides for appeals in "all other cases where there is a final order or judgment of the probate division of the circuit court under this code ...," does not avail Appellant. While this subsection provides for an appeal from a "final order or judgment" in a probate proceeding, "an order which fails to fully dispose of all issues *and the rights of all parties relating to a specific probate proceeding* is not a final appealable order." *Estate of Sawade v. State,* 787 S.W.2d 286, 288 (Mo. banc 1990) (emphasis added). The judgment of the probate court overruling Appellant's motion hardly comports with the proviso as set out in italics. Clearly the rights of all parties were not affected by the probate court's ruling denying Appellant's motion.

Accordingly, we lack authority to address the merits of the cause and must dismiss the appeal. *Matter of Nocita,* 845 S.W.2d 574, 575 (Mo.App.1992) (holding that orders not enumerated in section 472.160 are not appealable and such appeals should be dismissed); *Matter of Hancock,* 834 S.W.2d 239, 241 (Mo.App. 1992) (holding that where the appellant's claims on appeal were not enumerated in the exceptions stated in section 472.160 the appeal must be dismissed). "Nevertheless, it is important to note the limited effect of our ruling. As this Court explained in *Forhan,* 'the right of appeal created by [section] 472.160 is permissive, rather than mandatory.'" *In the Estate of Straszynski,* 265 S.W.3d 394, 396 (Mo.App. 2008) (quoting *Forhan,* 149 S.W.3d at 542). "Dismissal of [Appellant's] ... appeal simply means that this case remains in the

same procedural posture as if no permissive appeal had been attempted. [Appellant] retains the right to appeal from the decree of final distribution." *Straszynski,* 265 S.W.3d at 396. Appellant's appeal is dismissed.