In the Estate of: Stanley STRASZ-YNSKI, Deceased, Respondent,

v.

Connie J. CLARK, Appellant.

No. SD 29903.

Missouri Court of Appeals, Southern District, Division One.

May 11, 2010.

---

Connie J. Clark, Osage Beach, MO., for Appellant.

Matthew P. Hamner, Camdenton, MO., for Respondent.

DON E. BURRELL, Judge.

Connie Clark ("Ms. Clark"), an attorney who represented Cathy Bailey ("Ms. Bailey"), the initial personal representative [1] of the Estate of Stanley Straszynski ("the Estate"), appeals a decision by the Probate Division of the Circuit Court ("the probate division") that: 1) denied her request for attorney fees; and 2) ordered her to repay the Estate $16,881.59. Because Ms. Clark's notice of appeal was untimely filed, we must dismiss her appeal.

### Factual and Procedural Background

This is the second time Ms. Clark has attempted to appeal the probate division's denial of her request for attorney fees. For a complete discussion of the issues that led to the dismissal of Ms. Clark's first appeal, see *In re Straszynski*, 265 S.W.3d 394 (Mo.App. S.D.2008). Portions of our summary of the relevant facts are drawn from that opinion without further attribution.

During the course of her representation of Ms. Bailey, Ms. Clark paid herself a total of $16,881.59 in attorney fees from Estate funds without first seeking or receiving approval from the court to do so. On March 15, 2007, Ms. Clark filed a proposed final settlement, along with a petition seeking retroactive court approval of the attorney fees she had previously paid herself, plus an additional $1,860.50 in fees. A hearing on Ms. Clark's petition was held on June 15, 2007. On June 22, 2007, the probate division entered an order that: 1) denied Ms. Clark's fee petition; 2) modified the proposed final settlement by removing her requested fees from the listing of Estate expenses; and 3) required Ms. Clark to repay the Estate the $16,881.59 in

---

1. After failing to exercise her duties and appear in court as directed, the probate division revoked Ms. Bailey's letters and appointed the Public Administrator as successor Personal Representative. The successor Personal Representative sought legal counsel elsewhere.

attorney fees she had previously paid herself without the court's authorization. This order was the subject of Ms. Clark's first untimely appeal.

On January 15, 2009, the successor Personal Representative filed a "Petition for Instructions Regarding the Payment of Costs and Expenses of Administration," along with the "Pro Rata Payment of Other Classes of Claims in an Insolvent Estate." This Petition requested that the court authorize the payment of the expenses of administration and a pro-rata payment of creditors of the Estate in accordance with various exhibits attached to the petition. None of the attorney fees sought by Ms. Clark were included in that request.

On February 13, 2009, the probate division entered its "Order of Instruction Regarding the Payment of Costs and Expenses of Administration and the Pro Rata Payment of Other Classes of Claims in an Insolvent Estate." This order approved the final payment of costs and expenses of the administration of the estate as requested by the successor Personal Representative, along with the payment of all other estate claims on a pro-rata basis. This order did not authorize the payment of any attorney fees to Ms. Clark and constituted the probate division's final order of distribution. Ninety-eight days later, on June 22, 2009, Ms. Clark filed her notice of appeal.[2]

## Analysis

█ The Estate argues in its brief that Ms. Clark's appeal must be dismissed as untimely because her notice of appeal was not filed within ten days of the entry of the probate division's February 13, 2009 order. Although the time period in which Ms. Clark could timely have filed her notice exceeded the ten day period asserted by the Estate,[3] the Estate is nonetheless correct in claiming that Ms. Clark's notice of appeal was filed too late.

█ Probate division "[a]ppeals are purely statutory, and must be taken within the time and in the manner provided by statute." *Lucitt v. Toohey's Estate*, 338 Mo. 343, 89 S.W.2d 662, 664 (1935). "Courts may not enlarge the statutory period within which an appeal may be taken. . . ." *In re Forhan*, 149 S.W.3d 537, 541 (Mo.App. S.D.2004) (quoting *In re Interest of T–G–*, 455 S.W.2d 3, 9 (Mo.App.St.L.D. 1970)).

Chapter 472 of the Revised Statutes of Missouri[4] contains general provisions relating to probate matters. "Section 472.180 provides that '[a]ll appeals shall be taken within the time prescribed by the rules of civil procedure relating to appeals.'" *In re Standley*, 204 S.W.3d 745, 748 (Mo.App. S.D.2006). Section 472.210 likewise states, "[a]ppeals shall be taken in accordance with the rules of civil procedure relating to appeals." *Id.* Rule 81.04[5] governs how and when an appeal must be taken.

**2.** The "judgment" referred to in Ms. Clark's notice of appeal is not the probate division's final order of distribution entered February 13, 2009, but the same interlocutory order entitled "Judgment modifying final settlement and denying motion to ratify attorney fees" that was the subject of Ms. Clark's first untimely appeal.

**3.** The ten day period asserted by the Estate did apply to Ms. Clark's attempt to bring her permissive appeal of the probate division's

initial interlocutory order denying her request for attorney fees, but the time allowed is longer when appealing from a final order of distribution. *See In re Straszynski, supra.*

**4.** Unless otherwise indicated, all statutory references are to RSMo 2000.

**5.** Unless otherwise indicated, all references to rules are to Missouri Court Rules (2009).

(a) **Filing The Notice of Appeal.** When an appeal is permitted by law from a trial court, a party may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed **not later than ten days after the judgment or order appealed from becomes final.**

Rule 81.04(a) (emphasis added). Whether Ms. Clark's notice of appeal was timely filed depends on when the probate division's ultimate denial of her request for attorney fees became final.

 "The administration of a decedent's estate is deemed one proceeding for purposes of jurisdiction[6] that is concluded by the entry of a decree of final distribution." *Straszynski*, 265 S.W.3d at 395. "Aggrieved parties have the right to appeal from that final decree." *Id.*; *see In re Givens*, 234 S.W.3d 519, 521 (Mo.App. E.D.2007).

In this case, the decree of final distribution of the Estate (which did not authorize the payment of any fees to Ms. Clark) was entered on February 13, 2009. That decree of final distribution became final for purposes of appeal thirty days after it was entered. *See* Rule 81.05(a)(1). Appellant then had ten days from the date that order became final to file her notice of appeal. Rule 84.04(a). Ms. Clark's notice of appeal was not filed until June 22, 2009, more than three months after the probate division's decree of final distribution was entered.

Because Appellant's notice of appeal was untimely, this Court lacks any authority to address the merits of the case and hereby dismisses the appeal.

BARNEY, J., and BATES, P.J., concur.

---

6. Although our previous cases often used the term "jurisdiction" when analyzing our ability to determine an appeal, they are still instructive on the issue of whether this court has the necessary statutory authority to do so. *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009).