318 S.W.3d 274 (2010)
In re: George Leonard KRAUS, Deceased,
Patty Ann Denton, Respondent,
v.
Missouri Department of Mental Health, Appellant.
No. WD 71327.
Missouri Court of Appeals, Western District.
July 6, 2010.
Motion for Rehearing and/or Transfer to Supreme Court Denied August 31, 2010.
*275 Jeff Klusmeier, Esq., Jefferson City, MO, for appellant.
David A. Yarger, Esq., Versailles, MO, for respondent.
Before: LISA WHITE HARDWICK, P.J., and JAMES M. SMART, JR. and ALOK AHUJA, JJ.
ALOK AHUJA, Judge.
The Missouri Department of Mental Health appeals an order entered in probate proceedings involving the Estate of George Leonard Kraus. Because the Department's notice of appeal was untimely, we dismiss the appeal.

Factual Background
Mr. Kraus passed away on August 26, 2008. Respondent Patty A. Denton was appointed as personal representative of his estate. On May 29, 2009, the Department filed its Claim Against Estate, alleging that the estate was liable to the Department for $2,313.48, which the Department contends represents the unpaid cost of (unspecified) services provided to Mr. Kraus between August 27, 1985, and May 31, 1995. Ms. Denton filed an objection to the Department's claim on June 23, 2009; the Department filed Suggestions in Opposition to Ms. Denton's objection on July 1.
On July 7, 2009, the Circuit Court of Cole County held a hearing on the Department's claim. The claim was denied on the same day, on the basis that it was time-barred under the applicable statute of limitations. On July 14, the Department filed a Motion to Set Aside Denial, which reasserted its contention that, under § 473.398,[1] its claim did not accrue until Mr. Kraus' death, and that it was not subject to the claim filing deadlines contained in the probate code by virtue of *276 §§ 473.360 and 473.444. Ms. Denton opposed the Motion to Set Aside, and the circuit court denied it on July 21. The Department filed its Notice of Appeal on July 31, 2009.

Analysis
Before addressing the merits, this Court must satisfy itself that it has jurisdiction of the Department's appeal. Estate of Burg, 68 S.W.3d 543, 544 (Mo. App. E.D.2001). The right to appeal from a judgment of the probate division is purely statutory. Id. (citing Griffin v. Griffin, 982 S.W.2d 788, 788 (Mo.App. E.D.1998)). While probate orders are generally interlocutory and not subject to appeal until final disposition, the orders enumerated in § 472.160.1 are subject to immediate appeal. Id. at 544-45 (citing Couch v. W. Sur. Co. (Estate of Couch), 920 S.W.2d 165, 168 (Mo.App. W.D.1996)).
The circuit courts July 7, 2009 order was immediately appealable under § 472.160.1. That statute provides in relevant part:
Any interested person aggrieved thereby may appeal to the appropriate appellate court from the order, judgment or decree of the probate division of the circuit court in any of the following cases:
(1)On the allowance of any claim against an estate exceeding one hundred dollars;
. . . .
(13)On all orders denying any of the foregoing requested actions....
The denial of the Departments claim fits squarely within § 472.160.1(13), because the allowance of that claim would have been appealable under § 472.160.1(1).
Section 472.180 provides that "[a]ll appeals shall be taken within the time prescribed by the rules of civil procedure relating to appeals." Rule 81.04(a) provides that a notice of appeal must be filed no later than ten days after the judgment or order becomes final.
The interlocutory probate orders listed in § 472.160.1(1)(13) are final for purposes of appeal when they are entered.
Section 472.160 creates an expedited right to appeal certain probate orders which otherwise would be interlocutory and unappealable. Such expedited appeals serve the salutary purpose of allowing many matters of importance to be resolved while the estate is open, and prevents one complex appeal from all matters that occurred during the administration of the estate. It follows that because an appeal from one of the orders listed in section 472.160 is permitted while the estate is still open, such orders are immediately appealable upon entry. The orders listed in section 472.160 are ready for appeal when made.
Standley v. Standley (Estate of Standley), 204 S.W.3d 745, 748-49 (Mo.App. S.D.2006) (en banc) (citations and internal quotation marks omitted).
Here, the Departments claim was denied on July 7, 2009, but its Notice of Appeal was not filed until July 31, more than ten days later. Therefore, unless the time within which the Department could take its appeal was tolled or extended, its Notice of Appeal was untimely, and we would be required to dismiss the appeal.
Rule 81.05(a)(1) declares that judgments do not become final until thirty days after their entry; Rule 81.05(a)(2) further provides that, if timely post-judgment motions are filed, the finality of the judgment is further delayed until the earlier of the disposition of the last such motion, or ninety days after the last motions filing (when the motion is deemed denied). In Standley, however, the Southern District, sitting en banc, overruled its prior decision in In *277 re Estate of Desterbecque, 800 S.W.2d 142 (Mo.App. S.D.1990), and held that Rule 81.05 does not apply to interlocutory probate orders appealable under § 472.160.1(1)(13). Standley, 204 S.W.3d at 749 n. 9; see also Estate of Straszynski, 265 S.W.3d 394, 396 (Mo.App. S.D.2008).[2]
Standley emphasized that "section 472.160 creates an expedited right to appeal certain probate orders which otherwise would be interlocutory and unappealable." 204 S.W.3d at 749 n. 9 (citation and internal quotation marks omitted). The Court also noted that earlier decisions had held, albeit sub silentio, that Rule 81.05 was inapplicable in determining the timeliness of an appeal under § 472.160.1(1) (13). Id. (citing In re Estate of Forhan, 149 S.W.3d 537, 540 (Mo.App. S.D.2004) (notice of appeal filed eleven days after denial of claim untimely); Burg, 68 S.W.3d at 545; Kemp v. Balboa, 959 S.W.2d 116, 118 (Mo.App. E.D.1997)).
In a concurring opinion, Judge Bates provided further reasons for refusing to apply Rule 81.05 to interlocutory probate orders. He noted that the delayed finality for judgments specified in Rule 81.05(a) was intended to accommodate the time periods during which the trial court retains jurisdiction to modify a final judgment or afford other relief from judgment, either sua sponte or for the grounds stated in an authorized post-judgment motion. 204 S.W.3d at 751 (Bates, J., concurring). This rationale has no application to the orders enumerated in § 471.160.1(1)(13), however:
The incorporation of this jurisdictional limitation into Rule 81.05 should have no bearing on how one computes the time for filing a notice of appeal from an interlocutory probate order that is permissively appealable pursuant to § 472.160.1(1)(13) because no similar, automatic loss of jurisdiction takes place. Unless an appeal is taken, the trial court in a probate proceeding retains jurisdiction, for good cause, to vacate or modify its orders at any point prior to the expiration of the time for appealing from the order of final distribution of a decedent's estate. See § 472.150.
Id. Judge Bates also emphasized that application of Rule 81.05 "could permit the timely filing of a notice of appeal from an interlocutory, appealable order up to 120 days after its entry. I find that result inconsistent with the purpose of § 472.160.1(1)(13), which is intended to allow expedited appeals from such orders." Id. at 752. Finally, Judge Bates noted that Rule 74.01, which defines a "judgment," is not made applicable in probate proceedings by Rule 41.01, and that Rule 74.01 has not been applied in such proceedings (to require, for example, that the orders made appealable under § 471.160.1(1)(13) be expressly denominated as judgments in order to be immediately appealed). Id.
Thus, in order to have properly appealed the circuit courts denial of its claim, the Department was required to file a Notice of Appeal within ten days of that denial. It failed to do so. The Department accordingly waived its right to an immediate, *278 interlocutory appeal of the trial courts ruling.[3]
Although it failed to take advantage of its right to an interlocutory appeal of the circuit courts order denying its claim, the Department is not without recourse.
An immediate appeal of orders encompassed by Section 472.160 is not mandatory; rather, the statute only creates a right of appeal. If a party chooses not to exercise this right, the particular matter may be appealed following final settlement or other judicial action fully and finally disposing of the proceeding.
Burg, 68 S.W.3d at 545 (citations omitted). Thus, "[p]rocedurally, this case remains in the same posture as if no permissive appeal had been attempted." Forhan, 149 S.W.3d at 542; see also Straszynski, 265 S.W.3d at 396; Blair v. Blair (Estate of Blair), 317 S.W.3d 84, 88 (Mo.App. S.D. 2010) (party permitted to appeal probate division ruling following the entry of final distribution order, after foregoing earlier permissive interlocutory appeal under § 472.160.1(1)(13)).

Conclusion
The appeal is dismissed.
All concur.
NOTES
[1] Statutory references are to the RSMo 2000, updated through the 2009 Cumulative Supplement.
[2] Although not stated in the Standley majority opinion, the Southern District has subsequently held that Rule 81.05 does apply to appeals taken under § 472.160.1(14), which authorizes an appeal "[i]n all other cases where there is a final order or judgment of the probate division of the circuit court under this code except orders admitting to or rejecting wills from probate." See Estate of Straszynski v. Clark, 313 S.W.3d 140, 142 n. 3 (Mo.App. S.D.2010).
[3] The Departments Notice of Appeal was filed within ten days of the circuit courts denial of its Motion to Set Aside the denial of its claim. But even if the circuit courts refusal to set aside its earlier interlocutory order was itself reviewable on appeal, such a ruling would be reviewed only for an abuse of discretion. See Drewel v. Post Mach. Co., 880 S.W.2d 932, 933 (Mo.App. E.D.1994); Meier v. Estate of Seiser (In re Seiser), 604 S.W.2d 644, 646 (Mo.App. E.D.1980). No such abuse of discretion appears here, where the Department merely reasserted the same legal arguments that it had made prior to the circuit courts initial denial of its claim, and that initial denial is not itself subject to interlocutory appellate review for the reasons we have explained.