**In the Matter of the ESTATE OF Joseph COMIA, Deceased.**

No. 46188.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 16, 1983.

David R. Spitznagel, Clayton, for appellant.

Bernard A. Barken, Clayton, for Nicholas J. Riggio, Sr., pro se.

KAROHL, Judge.

Appellant, Deanna K. Comia, appeals from a probate court order which ruled that under § 474.260 she "has a legally protectable and possible coexistent interest with the surviving spouse of the decedent in the family allowance," the extent of which is to be determined at a future hearing.

Joseph Comia died testate on June 1, 1981, one month prior to Deanna's eighteenth birthday. The will, which was made prior to his second marriage, left everything to his daughter, Deanna. His widow, Florence, filed an election to take against the will, § 474.160, applied for exempt property, § 474.250, an allowance for one year's support, § 474.260 and an allowance for homestead, § 474.290. Deanna also applied for exempt property and the statutory allowances.

The probate court found that Florence had an absolute right to the exempt property and homestead allowance, awarded the same to her and denied Deanna's applica-

tion. The court found, however, that Deanna may be entitled to an allowance of support as provided in § 474.260 but it would be limited to the period from her father's death until she "came of age," § 474.300. Relying on the definition of "minor" found in § 475.010(4) the court determined that Deanna would "come of age" on her eighteenth birthday. The order also provided that the determination of the exempt property, homestead and support allowances for the spouse and the extent of support for Deanna, if any, would be determined at a hearing to be set on application of the parties. Prior to such hearing Deanna filed this appeal contending that she should be eligible for a full year's support as the definition of "minor" in § 475.010(4) does not apply to applications for family allowance under § 474.260.

We dismiss the appeal as premature. The right to appeal is statutory. *State ex rel. Travelers Indemnity Co. v. Swink*, 440 S.W.2d 152, 155 (Mo.App.1969). Appeals from the probate court to the appellate court are governed by § 472.160 and specifically, as applied to this case, §§ 472.160(4) and (14) RSMo Supp.1982. Section 472.160 provides that as to any specific proceeding all issues must be fully adjudicated, or the order is not appealable. *In re Estate of Erwin*, 611 S.W.2d 564, 567 (Mo.App.1981); *In re Estate of Ritter*, 510 S.W.2d 188, 189 (Mo.App.1974).

The probate order at issue is not a final adjudication of Deanna's application for support. The order indicates that the probate court is inclined to limit Deanna's support to one month based upon the definition of minor contained in Chapter 475—Guardianship. However, the amount of the award has not yet been determined. The amount will be determined at a future hearing. Without the hearing the issue has not been fully adjudicated. *See Bennett v. Wood*, 239 S.W.2d 325, 327–28 (Mo.1951); *In re Smith*, 331 S.W.2d 169, 171 (Mo.App.1960).

Further, the court has not determined the extent of the allowance of support for the surviving spouse. Under the provisions of § 474.260, where there is a surviving spouse, the allowance of support "shall be made payable to the surviving spouse, unless the court finds that it would be just and equitable to make a division of it between the surviving spouse and the unmarried minor children." Accordingly, a determination of the allowance for the surviving spouse must. be made prior to or at the same time a determination is made with respect to the unmarried minor child. It is within the discretion of the court to make the allowance payable solely to the surviving spouse. Hence, without regard to Deanna's age, the probate court may make no allowance for Deanna. Until the hearing is completed and the family allowance for the surviving spouse and for Deanna, if any, is ordered there is no final adjudication on these issues. They are not ripe for appeal.

Appeal dismissed.

SIMON, P.J., and STEPHAN, J., concur.