In re ESTATE OF Myrtle M. SAWADE, Louise C. (Dewey) Hornstein, Personal Representative, Appellant,

v.

STATE of Missouri, Respondent.

No. 71869.

Supreme Court of Missouri, En Banc.

April 17, 1990.

---

John L. Sullivan, St. Louis, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

Louise C. (Dewey) Hornstein, personal representative of Myrtle M. Sawade, deceased, filed a notice of appeal following the trial court's denial of a petition for refund of an inheritance tax payment. Jurisdiction of this Court is invoked because the claim involves construction of the revenue laws. Mo. Const. Art. V, § 3. The appeal is premature and is dismissed.

Myrtle Sawade died testate in 1978. Her will was admitted to probate on November 20, 1978. Proceedings regarding assessment of inheritance tax were delayed at the request of the personal representative because of litigation in federal courts relating to federal estate tax liability.

In 1987, the probate division of the circuit court was advised that the federal estate tax litigation was resolved. The personal representative was ordered to file a petition to assess inheritance tax. Instead of complying with the court's order, the personal representative filed a receipt showing partial payment of the inheritance tax in the sum of $41,348.00.

On February 8, 1989, the personal representative filed a petition in the trial court seeking a refund of the inheritance tax payment. The petition was denied. The personal representative filed a notice of appeal.

The inheritance tax statutes in effect at the time of Ms. Sawade's death were repealed in 1981 and new sections were enacted. However, the repeal did not affect inheritance tax obligations of those dying before 1981 "in any respect, including, but not limited to, the determination of tax, interest, penalties, procedures, and periods of limitations." § 145.009, RSMo 1986. Accordingly, all statutory references below are to RSMo 1978, unless stated otherwise.

The petition for refund asserts that any claim for inheritance tax is barred by § 145.305. That section provided that no action by the state shall be commenced under chapter 145 unless filed within five years of the filing of the inheritance tax appraiser's report in the court, or within ten years of the death of the decedent, whichever occurs first. In her brief on

appeal, the personal representative candidly admits that the assessment of the tax provided for in § 145.150 has no limitation period, and that the only limitation is on actions to collect the tax. She argues that because decedent died more than ten years ago, no collection action could be commenced pursuant to § 145.280, and therefore the assessment is "effectively barred." She claims to be entitled to an order of the probate division of the circuit court requiring a refund of the $41,348.00 payment. *See* § 145.250. The answer to the question presented must await another day.

 Regardless of whether the parties raise the issue, an appellate court must determine whether the judgment or order appealed from is final. *Kansas City Power & Light Co. v. Kansas City*, 426 S.W.2d 105, 107 (Mo.1968); *In re Estate of Curtis*, 663 S.W.2d 420, 422 (Mo.App.1983). The right to appeal from a probate judgment is statutory, but the statutes authorizing such appeals are to be liberally construed to extend the right of appeal. *State ex rel. Baldwin v. Dandurand*, 785 S.W.2d 547 (Mo. banc 1990). Without statutory authority, no right to appeal exists. *In re Estate of Seabaugh*, 654 S.W.2d 948, 957 (Mo.App.1983).

Under the applicable 1978 statutes, the court exercising probate jurisdiction determines the amount of the inheritance tax due, with or without the aid of an inheritance tax appraiser. § 145.150. If the court appoints an appraiser, the appraiser is to file a report. § 145.160. Any interested person may file exceptions to the report, and the exceptions are determined by the court in a summary manner. § 145.170.1. Only one provision of the former inheritance tax law describes a judgment which may be appealed. "Any person aggrieved by the judgment of the court as to the amount of liability for the tax may appeal to the court having jurisdiction of appeals from said court in ordinary civil actions...." § 145.170.2.

■ The general statute authorizing appeals from probate proceedings contains a potential basis for this appeal. An aggrieved, interested party may appeal from a "final order or judgment" in a probate proceeding. § 472.160.1(14), RSMo 1986. However, an order which fails to fully dispose of all issues and the rights of all parties relating to a specific probate proceeding is not a final appealable order. *In re Estate of Comia*, 657 S.W.2d 63, 64 (Mo.App.1983).

■ In this case, no judgment determining the amount of the inheritance tax has been entered under either § 145.150 or § 145.170.1. The order refusing to grant the refund is, at best, an interlocutory order,[1] subject to modification by such judgment as may be entered as to the amount of inheritance tax liability. Because the order appealed from fails to dispose of all issues relating to inheritance tax liability, it is not a final order.

Accordingly, the appeal is dismissed.

All concur.

---

1. Whether the probate division of the circuit court has jurisdiction to order a refund of an inheritance tax overpayment under § 145.250 is a question we do not address. The curious are referred to *Gillilan*, Op.Att'y Gen. No. 33 (1951) for a discussion of the issue.