In the Matter of the CARE AND TREATMENT OF Kenneth K. BURGESS, Appellant,

v.

STATE of Missouri, Respondent.

No. 23713.

Missouri Court of Appeals, Southern District, Division One.

Dec. 21, 2000.

Thomas D. Carver, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Alana M. Barragan–Scott, Asst. Atty. Gen., Jefferson City, for Respondent.

MONTGOMERY.

This appeal arises out of a proceeding instituted under Missouri's sexual predator law. *See* §§ 632.480.513.[1] As allowed by § 632.486, the attorney general on March 2, 1999, filed a petition in the Probate Division of the Circuit Court of Greene County alleging that Kenneth K. Burgess "may meet the criteria of a sexually violent predator...." The petition prayed for a hearing on whether probable cause exists to believe that Burgess is a sexually violent predator and, if so found, for a subsequent trial on the issues.

After a probable cause hearing, the court entered an order (1) finding probable cause to believe that Burgess is a sexually violent predator, (2) directing that Burgess be placed in the custody of the Department of Mental Health, and (3) directing that Burgess be examined by a psychia-

1. Statutory references are to RSMo Cum. Supp.1999, unless otherwise indicated.

trist and a report filed within sixty days thereof.

Subsequently, Burgess filed a third-party petition naming the attorney general, the director of the Missouri Department of Health and the superintendent of the Southeast Missouri Mental Health Center as third-party defendants. The petition alleged various civil rights violations under 42 U.S.C. § 1983. Burgess also filed an alternative motion to add parties and declare the proceedings to be adversarial.

On May 9, 2000, the court denied these motions in the following docket entry:

PTNR'S MTN TO STRIKE 3RD PARTY PTN IS SUSTAINED AND RESP'S MTN TO ADD PARTIES IS OVERRULED. THE COURT FINDS THAT THE 3RD PARTY PTN AND THE ADDL PARTIES SUCH WOULD ADD TO THIS ACTION CAUSES THIS CASE TO INVOLVE MULTIPLE CLAIMS AND MULTIPLE PARTIES, THAT THE DISMISSAL OF THE 3RD PARTY PTN CONSTITUTES A JUDMT THAT FINALLY DISPOSES OF SUCH CLAIMS AND PARTIES, AND THAT THERE IS NO JUST REASON FOR DELAY IN ENTRY OF FINAL JUDGMT DISP DISPOSING OF THE 3RD PARTY ACTION AND THE ADDL PARTIES MENTIONED THEREIN. THE COURT ENTERS JUDGMT DISMISSING THE 3RD PARTY PETITION

Burgess appeals claiming the trial court erred in denying these motions. In response, the State contends this Court lacks appellate jurisdiction because the above order is not a final order or judgment of the probate division of the circuit court. We agree and dismiss the appeal.

■ "The right to appeal from a probate judgment is statutory...." *Estate of Sawade v. State*, 787 S.W.2d 286, 288 (Mo.

banc 1990). "Without statutory authority, no right to appeal exists." *Id.*

The general statute authorizing appeals from probate proceedings allows an aggrieved, interested party to appeal from a "final order or judgment."

■ § 472.160.1(14), RSMo 1994. "However, an order which fails to fully dispose of all issues and the rights of all parties relating to a specific probate proceeding is not a final appealable order." *Sawade*, 787 S.W.2d at 288.

■ In this case, no order or judgment has been entered under § 632.492 which determines whether Burgess is a sexually violent predator. Therefore, the May 9, 2000, judgment does not dispose of "all issues and the rights of all parties" in the probate proceeding. Consequently, it is not a final order or judgment from which an appeal lies.

■ Our view is not altered by the trial court's effort to employ the use of Rule 74.01(b) in the May 9, 2000, judgment. Rule 74.01(b) permits an appeal from a judgment that disposes of fewer than all parties and issues if the trial court makes an express determination that there is no just reason for delay. *Hackathorn v. Four Seasons Lakesites, Inc.*, 959 S.W.2d 954, 957 (Mo.App.1998). However, Rule 74.01 does not routinely apply to probate proceedings.

Rule 41.01(a)(2) precludes the application of Rules 41 through 101 to "those actions governed by the probate code." Rule 41.01(b) then provides that certain rules, not including Rule 74.01, do apply to "proceedings in the probate division of the circuit court." This rule also allows the judge of the probate division to order that "any or all" of the other rules "shall be applicable in a particular matter."[2]

In *Kemp v. Balboa*, 959 S.W.2d 116 (Mo. App.1997), a probate proceeding, the order

---

**2.** Nothing in the record shows that Rule 74.01 was made applicable to this case as allowed by Rule 41.01(b).

in question on appeal was not labeled a "judgment" as required by Rule 74.01(a). The court observed that Rule 41.01(b) fails to provide that Rule 74.01 applies to probate proceedings. *Id.* at 118. On that basis, the court found that Rule 74.01(a) was inapplicable and held that the probate order need not be labeled a judgment in order to be appealed. *Id.*

While *Kemp's* holding applied only to Rule 74.01(a), the basis of that holding equally applies here, i.e., Rule 41.01(b) fails to provide that Rule 74.01 is applicable to probate proceedings. Therefore, we find that Rule 74.01(b) is not applicable to this case. The probate order herein cannot be cloaked with appealability by reference to that rule. As a result, the order appealed from is not a final order because it fails to dispose of all issues in this case.

Accordingly, the appeal is dismissed.

PARRISH, P.J., and SHRUM, J. concur.