**Richard Neal MALLETT, Respondent,**

v.

**Virginia Kay MALLETT, Appellant.**

**No. ED 79271.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 11, 2001.

---

Seth D. Shumaker, Kirksville, MO, for appellant.

John C. Slavin, Kirksville, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Virginia Kay Mallett (Mother) appeals the circuit court's judgment modifying child custody. Mother argues the circuit court erred in applying Section 452.410, RSMo 2000,[1] because the change in circumstances must relate to the custodial parent and she is not the custodial parent. Mother further contends the circuit court erred in modifying custody because there was not evidence that Mother's circumstances had sufficiently changed. Because we find Mother was the non-custodial parent and the trial court erred in modifying custody, we reverse and remand.

The original dissolution decree awarded Mother and Richard Neal Mallett (Father) joint legal custody of the parties' minor child, born August 12, 1993, and primary physical custody to Father with specific periods of temporary custody to Mother. Under the original custody plan, during the school year Mother was to have temporary custody for five weekdays alternating weeks, and Father was to have custody all other times. The custody during the summer was equally split, as were major holidays.

Mother filed a motion to modify alleging it was the minor child's wish to spend more time with her and that Father had abused the minor child and denied contact between Mother and the minor child. Father filed a counter-motion to modify alleging Mother obtained new employment on the weekdays necessitating constant changes in the custody arrangements and that Mother is emotionally unstable and unfit, has been unable to maintain a clean place of residence for any significant period of time, and she failed to provide the minor child with adequate care and supervision. After reviewing the stipulated summary of evidence, the court file, and conducting an examination of the minor child, the circuit court awarded sole legal custody of the minor child to Father and left the primary physical custody with Father changing Mother's temporary custody during the school year from weekdays to primarily weekends with an evening visitation every week. The parties' summer custody remained essentially unchanged with both parents awarded equal visitation. This appeal follows.

We will affirm the judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or the circuit court misstates or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In her first point, Mother argues the circuit court erred in applying Section 452.410 because the change in circumstance must relate to the custodial parent and she is not the custodial parent. Mother contends that Father is the custodian of the minor child, and thus, the trial court erred in finding Mother, the non-custodian, had a change in circumstances to form the basis of the modification of custody.

Section 452.410.1 provides, in pertinent part, that court shall not modify a prior custody decree unless:

it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

Under Section 452.410.1, a finding of changed circumstance is a precursor to determining whether the best interests of the child necessitate a modification of a prior custody decree.[2] *McCreary v. McCreary*, 954 S.W.2d 433, 439 (Mo.App. W.D.1997). There must be an evidentiary basis to support a finding of changed circumstances, which gives the circuit court jurisdiction to consider making a change of custody. *Id.* The necessary change in circumstances under Section 452.410.1 must relate to the circumstances of the child or his or her custodian, not the non-custodial parent. *Id.*

Here, the original dissolution decree ordered Mother and Father joint legal custody with primary physical custody to Father. The circuit court found Father to be the "custodian" of the minor child. In its judgment modifying child custody, the circuit court stated:

> [t]he court finds that since the rendition of the Judgment and Decree of Dissolution of Marriage there have been no change in circumstances in regards to the primary custodian and the minor child. That since the rendition of the Judgment & Decree there has been a change in the circumstances as it relates to the non[-]custodial parent that are so substantial and continuing as to make the terms of the original Judgment & Decree with respect to temporary custody/visitation unreasonable and not in the best interests of the minor child.

Here, the circuit court made an express finding of a change in circumstance relating to Mother, the non-custodial parent. The circuit court's finding does not relate to a change in circumstances of the custodial parent or the child as required by Section 452.410.1. Thus, the circuit court erred in modifying custody using a change of circumstances pertaining to Mother, the non-custodial parent, as the basis for the modification.

Although the circuit court made a specific finding that there has been no change in circumstance between Father, the custodian, and the minor child, we note, however, that the circuit court did not make a specific finding as to whether there has been a change in circumstance as it relates to the minor child himself. Thus, on remand, the circuit court may consider whether the evidence in the record supports a change in circumstances of the child demonstrating that a modification would be necessary to serve the best interests of the minor child. The circumstances of the non-custodial parent may be relevant evidence on the issue of whether there has been a change in circumstances of the child, as well as the issue of best interests of the child and may be considered for those purposes.

Because we must reverse the circuit court's judgment under Mother's first point, we need not address Mother's second point. The judgment of the circuit court modifying custody is reversed and remanded.

CRANDALL, P.J., and BLACKMAR, Sr.J., concur.

---

2. Under Section 452.410.1, the circuit court must first determine whether there has been a change in circumstances of the child or his or her custodian. Only after that finding does the circuit court look to see whether a modification is in the best interests of the child.