James M. FORTNER, Appellant,

v.

Amanda Kay FORTNER, Respondent.

No. WD 64569.

Missouri Court of Appeals,
Western District.

July 12, 2005.

William J. Daily, Glasgow, MO, for appellant.

Tonnie M. Martin, Jefferson City, MO, for respondent.

Before: EDWIN H. SMITH, C.J., and HOWARD and HOLLIGER, JJ.

EDWIN H. SMITH, Chief Judge.

James Fortner appeals the judgment of the Circuit Court of Howard County modifying its child custody order, pursuant to § 452.410.1,[1] granting his former wife, Amanda Fortner (respondent), sole physical custody of the parties' three minor children. In its dissolution decree of August 26, 2002, the trial court awarded the parties joint physical custody of the children. On February 26, 2003, the trial court awarded temporary sole physical custody to the respondent, due to the appellant's military service in Iraq. Upon his return from Iraq, the appellant filed a motion to restore the original custody arrangement, while the respondent filed a motion to modify, seeking permanent sole physical custody of the children. On August 2, 2004, the trial court sustained the respondent's motion and overruled the appellant's.

The appellant raises six points on appeal. In Point I, he claims the trial court erred in sustaining the respondent's motion to modify because, in doing so, it misapplied § 452.410.1, by basing its required finding of changed circumstances on facts that arose before the prior decree was entered and were known to the court at the time of the prior decree. In Point II, he claims the trial court erred in sustaining the respondent's motion because the evidence was insufficient to support the required finding of changed circumstances. In Point III, he claims the trial court erred in sustaining the respondent's motion because, in doing so, it misapplied §§ 452.410.1 and 452.375 by failing to consider, as required, in determining whether the modification was in the best interests of the children, the factors of § 452.375.2 and by failing to make detailed written findings regarding those factors, as required by § 452.375.6. In Point IV, he claims the trial court erred in sustaining the respondent's motion to modify because the evidence was insufficient to support the requisite finding that the respondent's proposed custody arrangement was necessary to serve the best interests of the children. In Point V, he claims the trial court erred in sustaining the respondent's motion to modify because, in doing so, it misapplied § 452.375.5 by failing to consider alternative parenting plans as authorized by that section. In Point VI, he claims the trial court erred in overruling his motion to restore the original custody arrangement because his evidence supported the sustaining of his motion.

We reverse and remand.

### Facts

The parties were married on August 13, 1994, in Keytesville, Missouri. Three children were born of the marriage: Grace, born July 22, 1997; Charles, born August 4, 1998; and Lillian, born November 12, 2000. The parties' marriage was dissolved by the Circuit Court of Howard County on August 26, 2002. In the dissolution decree, the court, in accordance with the parties' separation agreement, awarded them joint legal and physical custody of the children.

On February 21, 2003, the respondent filed a "MOTION FOR TEMPORARY CUSTODY." In her motion, she alleged

---

**1.** All statutory references are to RSMo 2000, unless otherwise indicated.

that the appellant, a member of the National Guard, "ha[d] received notification that his unit will be deployed [to Iraq] on February 27, 2003." Consequently, she requested that the court "grant [her] temporary physical custody ... for all time periods of [the appellant's] active duty in the military service of the United States, and for all other orders as the Court deems proper under the circumstances." On February 26, 2003, the court issued a "JUDGMENT AND DECREE OF MODIFICATION OF JUDGMENT AND DECREE OF DISSOLUTION OF MARRIAGE FOR TEMPORARY CHANGE IN CHILD CUSTODY," indicating that the respondent's "motion for temporary custody is heard and sustained."

On January 9, 2004, the appellant returned from Iraq. On January 27, 2004, he filed a motion to restore the original custody arrangement. On March 5, 2004, the respondent filed her answer to the appellant's motion, as well as a motion to modify, seeking permanent sole physical custody of the children.

On May 13, 2004, the parties' competing motions were taken up and heard by the trial court. On May 27, 2004, the court issued what it entitled "MEMORANDUM/FINDINGS," in which it made findings of fact and conclusions of law and ordered that: "[The respondent's] attorney shall prepare a proposed judgment for the court within 10 days of this order and shall furnish a copy of said proposed judgment to [the appellant's] attorney. If no objection is made thereto within 5 days by [the appellant], the Court shall execute the same." On August 2, 2004, the trial court entered its judgment modifying its child custody order, granting the respondent sole physical custody of the minor children.

The court did not incorporate its May 27, 2004, memorandum into its judgment.

This appeal followed.

## Standard of Review

■ Our review of a court-tried case involving matters of custody is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *In re Marriage of Eikermann*, 48 S.W.3d 605, 608 (Mo.App.2001). We will affirm the judgment so long as it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Id.*

## I.

In Point I, the appellant claims the trial court erred in sustaining the respondent's motion because, in doing so, it misapplied § 452.410.1, by basing its required finding of changed circumstances on facts that arose before the prior decree was entered and were known to the court at the time of the prior decree. Specifically, he claims that the trial court's February 26, 2003, order of temporary custody constituted the trial court's prior decree for purposes of § 452.410.1 and that the court's finding of changed circumstances was based upon facts, known to the court, that arose before that order was entered. We disagree.

■ Under Rule 75.01,[2] "[t]he trial court retains control over judgments during the thirty-day period after entry of [the] judgment[.]" Any attempt by the trial court to retain jurisdiction beyond that thirty-day period is without effect. *Lacher v. Lacher*, 785 S.W.2d 78, 81 (Mo. banc 1990). Consequently, once a judgment of dissolution of marriage becomes final, "a motion to modify under RSMo

**2.** All rule references are to the Missouri Rules of Civil Procedure, 2005, unless otherwise

indicated.

§ 452.410 is required to bring custody of the children under the jurisdiction of the trial court." *T.L.I. v. D.A.I.,* 810 S.W.2d 551, 554 (Mo.App.1991) (citing *Lacher,* 785 S.W.2d at 81). In that regard, § 452.410.1 provides:

> Except as provided in subsection 2 of this section, the court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. Notwithstanding any other provision of this section or sections 452.375 and 452.400, any custody order entered by any court in this state or any other state prior to August 13, 1984, may, subject to jurisdictional requirements, be modified to allow for joint custody in accordance with section 452.375, without any further showing.

Hence, assuming jurisdiction, in a modification proceeding the court's determination is two-fold: (1) was there a substantial change in circumstances; and, (2) if so, are the best interests of the child served by modifying custody? *Heslop v. Sanderson,* 123 S.W.3d 214, 218 (Mo.App.2003); *Love v. Love,* 75 S.W.3d 747, 762 (Mo.App.2002). Unless the trial court finds the requisite substantial change of circumstances, it never reaches the best interests issue. *Mallett v. Mallett,* 63 S.W.3d 300, 302 (Mo. App.2001); *Brethorst v. Brethorst,* 50 S.W.3d 864, 867 (Mo.App.2001).

■ Here, the trial court's judgment modifying the parties' custodial arrangement was prompted by the respondent's motion to modify, brought pursuant to § 452.410.1, such that jurisdiction was proper. In its judgment, the trial court found that both prongs of § 452.410.1 had been met, explaining that "[s]ince the date of the Judgment and Decree of Dissolution of Marriage there have been changes in the circumstances regarding the custodial parents and the minor children and a modification is necessary to serve the best interests of the children." As to the first prong, changed circumstances, the judgment reads:

13. The changes include:

a. The Petitioner, James M. Fortner, was deployed into active duty in the military in February, 2003, and was gone for more than 10 months and was unable to provide custodial care for the children, resulting in [the respondent] having sole responsibility and providing custodial care for the minor children for 15 months of the 21 months since the Judgment and Decree of Dissolution of Marriage.

b. The [appellant] is now employed at a full-time position with the Department of Corrections wherein he works second shift from approximately 3:30 p.m. until 11:30 p.m. Wednesday through Sunday each week, making [the appellant] unavailable for the minor children in the evenings and weekends when they are not in school or daycare, resulting in the major responsibility for raising the children falling on babysitters and day care providers if [the appellant] had primary physical custody; and [the appellant] does not have in place a well-defined plan to assist him in providing the necessary care for the children while he is at work.

c. [The respondent], Amanda K. Fortner's situation has improved and she provides a stable home for the chil-

dren, in that she now resides in a home sufficiently large enough to provide adequate living arrangements for the minor children, and has sufficient income to provide financial support for the minor children.

d. [The respondent] has provided the majority of the custodial care for the children since the dissolution due to [the appellant's] military deployment.

e. The children have achieved stability in their present home with [the respondent], and it is in their best interests for physical custody to be transferred to [the respondent].

f. [The respondent] has completed all but two (2) weeks of her educational requirements to obtain her degree, and she is employed only twenty (20) hours per week during the same time period that she attends school and is given school credit for her working hours on Monday and Wednesday mornings from 8:00 a.m. until 12:00 noon and Tuesday, Wednesday and Thursday evenings from 5:30 p.m. until 10:00 p.m.; thus allowing her to be home to care for the basic needs of the children during most of their waking hours while minimizing the use of daycare to only 15 hours a week in the evening with preschool being provided only two mornings a week.

Based on the trial court's judgment, it is clear that in determining that there had been a substantial change of circumstances, the court considered the August 26, 2002, decree of dissolution to be the "prior decree of custody" for purposes of modification, rather than the February 26, 2003, order of temporary custody. In other words, the court looked back to August 26, 2002, rather than February 26, 2003, in addressing whether there had been a substantial change of circumstances. The appellant claims the trial court erred in looking any further back than February 26, 2003, the date of its order of temporary custody. Because we find that the trial court's order of temporary custody was null and void, and, therefore, of no effect, *Sumnicht v. Sackman,* 968 S.W.2d 171, 174 (Mo.App.1998), we disagree.

■ As noted, *supra,* the trial court entered its decree of dissolution, awarding the parties joint physical custody of the children, on August 26, 2002. In early February 2003, the appellant received notice that he was to be deployed to Iraq on February 27, 2003. Consequently, on February 21, 2003, the respondent filed a "MOTION FOR TEMPORARY CUSTODY," requesting that the court "[g]rant temporary physical custody to [her] for all time periods of [the appellant's] active duty in the military service of the United States, and for all other orders as the Court deems proper under the circumstances." This motion culminated with the February 26, 2003, order of temporary custody, wherein the court ordered that the "[r]espondent is granted temporary legal and physical custody of the minor children."

Section 452.380, governing temporary custody motions and orders, reads:

1. A party to a custody proceeding may move for a temporary custody order. The motion must be supported by an affidavit. The court may award temporary custody after a hearing or, if there is no objection, solely on the basis of the affidavits.

2. If a proceeding for dissolution of marriage or legal separation is dismissed, any temporary custody order is vacated unless a parent or the child's custodian moves that the proceeding continue as a custody pro-

ceeding and the court finds, after a hearing, that the circumstances of the parents and the best interest of the child require that a custody decree be issued.

Consistent with the proposition that once a decree of dissolution becomes final, a § 452.410.1 motion to modify "is required to bring custody of the children under the jurisdiction of the trial court[,]" *T.L.I. v. D.A.I.*, 810 S.W.2d at 554, § 452.380 has been interpreted to mean that "orders of temporary custody are ancillary to an underlying proceeding and are limited to custody pending the resolution of litigation." *Lardinois v. Lardinois*, 852 S.W.2d 872, 873 (Mo.App.1993) (citing *Adams v. Adams*, 812 S.W.2d 951, 955 (Mo.App. 1991)). In other words, § 452.380 authorizes a party in a custody proceeding, such as a dissolution proceeding or legal separation proceeding,[3] to file a motion for temporary custody while the action is pending; it does not, however, "provide a vehicle for courts to acquire perpetual jurisdiction [over the children]." *Adams*, 812 S.W.2d at 955. As a result, an order of temporary custody prompted solely by a motion for temporary custody, unaccompanied by some sort of underlying litigation, is null and void, as such an order is beyond the trial court's jurisdiction. *See Sumnicht*, 968 S.W.2d at 174 (explaining that actions of the trial court entered in excess of or beyond the jurisdiction of the trial court are null and void); *see also Burchett v. Burchett*, 572 S.W.2d 494, 504 (Mo.App. 1978) (explaining that an order of temporary custody entered without some sort of pending litigation is *coram non judice*).

Having determined that an order of temporary of custody prompted solely by a motion for temporary custody is null and void, it quickly becomes apparent that the trial court did not err in looking back to August 26, 2002, rather than February 26, 2003, in addressing whether there had been a substantial change of circumstances. It is undisputed that the trial court's February 26, 2003, order of temporary custody was prompted solely by the respondent's "MOTION FOR TEMPORARY CUSTODY," and that, at the time, there was no pending litigation in the parties' dissolution case. As such, that order was void, and the trial court was correct to look beyond it in making its finding of changed circumstances. Simply put, the trial court properly characterized its original decree of dissolution, entered on August 26, 2002, as "the prior decree" for purposes of § 452.410.1. Hence, the appellant's claim, that the trial court could not look to changes that occurred between the time of dissolution and the temporary order of custody to modify its "prior" decree, is without merit.

Point denied.

## II.

In Point II, the appellant claims the trial court erred in sustaining the respondent's motion to modify because the evidence was insufficient to support the required finding of changed circumstances. Specifically, he claims that the trial court's finding of changed circumstances was based solely on facts that arose before the trial court issued its prior decree, as claimed in Point I, and the record was otherwise insufficient to support the court's finding.

Inasmuch as the appellant's claim of error in this point is predicated on his claim

---

**3.** It is unclear whether an order of temporary custody is proper during the pendency of a § 452.410.1 motion to modify. *See Muegler v.*

*Muegler,* 784 S.W.2d 839, 840 n. 1 (Mo.App. 1990).

of error in Point I, which failed, it must also fail.

Point denied.

## III.

■ In Point III, the appellant claims the trial court erred in sustaining the respondent's motion to modify because, in doing so, it misapplied §§ 452.410.1 and 452.375 by failing to consider, as required, in determining whether the modification was in the best interests of the children, the factors of § 452.375.2 and by failing to set forth detailed findings regarding those factors, as required by § 452.375.6. We agree.

As noted, *supra,* in a modification proceeding the court's determination is two-fold: (1) was there a substantial change in circumstances; and, (2) if so, are the best interests of the child served by modifying custody? *Heslop v. Sanderson,* 123 S.W.3d at 218; *Love v. Love,* 75 S.W.3d at 762. As to the second prong, or best interests prong, our appellate courts have held that the trial court is required to consider all relevant factors, including the eight factors set forth in § 452.375.2. *Love,* 75 S.W.3d at 762–63. Those factors are:

(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;

(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;

(4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;

(5) The child's adjustment to the child's home, school, and community;

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child and the parent or other family or household member who is the victim of domestic violence from any further harm;

(7) The intention of either parent to relocate the principal residence of the child; and

(8) The wishes of a child as to the child's custodian.

In addition, because the parties had not agreed to the custodial arrangement, the trial court was obligated to include in its judgment the statutory finding mandated by § 452.375.6. *Speer v. Colon,* 155 S.W.3d 60, 61 (Mo. banc 2005); *In re Marriage of Copeland,* 148 S.W.3d 327, 330 (Mo.App.2004). That section provides, in pertinent part, that:

If the parties have not agreed to a custodial arrangement ..., the court shall include a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child.

In its judgment of August 2, 2004, sustaining the respondent's motion to modify, the court made no written findings pertaining to the best interests of the children concerning the modification, other than to state that "a modification is necessary to serve the best interests of the children." The respondent essentially concedes that this is insufficient to satisfy the requirements of §§ 452.375.2 and 452.375.6, but nonetheless contends that the trial court properly considered the required factors set forth in § 452.375.2 and that it provided sufficient written findings detailing its consideration of those factors. · In that regard, the respondent points to the trial court's "MEMORANDUM/FINDINGS," issued on May 27, 2004. Therein, the trial court indicated that:

> The· next question to be determined is whether a change in the custodial arrangement is in the best interests of the children. Respondent has provided the majority of the custodial care for the children since the dissolution due to Petitioner's military deployment. Respondent's situation has improved and she appears to have a stable home for the children. On the other hand, Petitioner was absent for an extended period of time, although not due to his own fault. His present employment will provide him with little actual time to be with the children. He will have to rely greatly upon childcare assistance from third parties and the nature and extent of that help is not clear to the Court. The extensive degree of help and assistance previously provided to him by the maternal grandmother is no longer available. The children appear to have achieved stability in their present home. The Court finds that it would be in the best interests of the children for physical custody to be transferred to the Respondent.

Even assuming, *arguendo*, that we can consider the May 27, 2004, memorandum on appeal,[4] we nonetheless find that it is insufficient to meet the requirements of §§ 452.375.2 and 452.375.6. Not once does the trial court reference § 452.375. In addition, the only factors of § 452.375.2 that are even indirectly discussed in the court's written finding are § 452.375.2(5), which refers to the "child's adjustment to [its] home, school, and community[,]" and § 452.375.2, which refers to "the ability and willingness of [each parent] to actively perform their functions as mother and father for the needs of the child[.]" While a court need discuss only the relevant factors and ·need not mechanically discuss every factor listed in § 452.375.2, we find the court's recitation in this case to be insufficient to allow meaningful review in light of the evidence. Moreover, the court failed to discuss subsection (4) (frequent, continuing, and meaningful contact), which is particularly mentioned in § 452.375.6. Consequently, we must reverse the court's judgment sustaining the respondent's § 452.410.1 motion to modify and remand the cause so that the trial court can revisit the issue, hearing new evidence if need be, of whether a custody modification is in the best interests of the children, taking into consideration all of the factors set forth in § 452.375.2, as well as any other relevant factors. It follows, therefore, that the appellant's remaining claims of error are rendered moot. *See Mo. Consol. Health Care Plan v. Cmty. Health Plan,* 81 S.W.3d 34, 50 (Mo.App.2002) (a point is moot where resolution of the issue it presents would have no practical effect upon the ultimate

---

4. Section 452.375.6 expressly states that "the court shall include [the relevant] written finding in the judgment or order[.]"

outcome of the appeal). We are not required to address points that are rendered moot. *Id.*

## Conclusion

The trial court's judgment sustaining the respondent's § 452.410.1 motion to modify the court's decree of dissolution is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

HOWARD and HOLLIGER, JJ., concur.